Per Curiam.

Defendants have been convicted of attempted rape, first degree, sodomy, first degree, and of two counts of assault in the second degree, one with attempt to commit sodomy, the other with attempt to commit rape. Both defendants offered proof of alibis; but neither testified at the trial. After arrest Kress refused to make any statement to the police except to identify himself; Christman made no admission of any of the acts complained of and denied them, but said he and Kress had been together at the time of the crime. In summation the prosecutor argued that the defendants had not told the police anything of the facts of their alibis. “ Why didn’t *433 Christman or Kress, either of them, why didn’t they tell the police they were with the three individuals * * * ? ” The prosecutor continued further in this vein. On objection the court ruled this was ‘ ‘ fair comment upon the testimony or lack of it ’ ’.
Appellants argue that this comment was the equivalent of instructing the jury that they were under the duty of making an explanation to the police when they were arrested and that the lack of such explanation might be considered on their guilt. They contend that the summation and the comment by the Judge were prejudicial. It could thus have been counted against defendants that there was no police testimony that appellants told them about alibi witnesses; or, alternatively, that they failed to explain on the trial where they were at the time.
Defendants were under no obligation when questioned after arrest to say anything or to lay out an alibi (People v. Travato, 309 N. Y. 382; People v. Bianculli, 9 N Y 2d 468; People v. Orgovan, 14 A D 2d 482; cf. Griffin v. California, 380 U. S. 609). Decisions cited by the People (e.g., People v. Leonardo, 199 N. Y. 432; People v. Hovey, 92 N. Y. 554) are not relevant to the present case. The error was substantial and a new trial is required.
Although this disposes of the appeal, it is desirable to take note of several other questions advanced by the defendants since they may recur on the new trial. It was improper to admit testimony from the complaining witness that she had identified the defendant Kress through a photograph at the police station (People v. Cioffi, 1 N Y 2d 70; People v. Caserta, 19 N Y 2d 18; People v. Malloy, 22 N Y 2d 559) and to receive against that defendant a statement made to the police by his codefendant Christman that he and Kress were together in an automobile about the time of the alleged crime.
The seizure of Christman’s car and its inspection were likewise improper though, it should be noted, the evidence educed therefrom did not adversely affect or prejudice either defendant. No fingerprints or other evidence was found in the car. The blanket found there and received in evidence was not connected with the crime and itself had no probative force.
The defendants’ final contention regarding the imposition of consecutive sentences has merit. Although the assaults with *434 intent to commit rape and attempted rape were, respectively, capable of separate prosecution and conviction, they were so unified with the basic acts made criminal by the Penal Law that, on the present record, they could not be the basis for separate punishments (former Penal Law, § 1938, now § 70.25, subd. 2; People ex rel. Maurer v. Jackson, 2 N Y 2d 259; People v. Repola, 305 N. Y. 740). Hence, additional separate consecutive sentences for attempted rape and for assault with intent to commit rape may not be imposed.
The judgments should be reversed and a new trial ordered.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating, Breitel and Jasen concur.
Judgments reversed, etc.