Cooke, J.
The issue in this case is whether an alleged error in the trial court’s charge to the jury, to which no exception was taken, is reviewable in this court on the theory that defendant was deprived of a fair trial.
Defendant was convicted, following a jury trial, of the crimes of murder, attempted robbery in the first degree and attempted grand larceny in the third degree. He admitted that on August *227 13, 1971, he was present during an attempted robbery of a couple in Lincoln Terrace Park by his two companions, George and Gargo (both of whom were dead at the time of trial). During, the course of the attempted robbery, one of the victims, Germaine Philips, was shot by either George or Gargo and subsequently died from the wound. Defendant denied knowing that either of his companions was planning to commit a crime or that they were armed. He also denied any participation in the attempted robbery or larceny.
Alberto Greene, the other victim of the crime, testified that two of his assailants were armed, one with a gun, the other with a knife. The third, admittedly the defendant, was apparently unarmed. However, he testified that this third participant cut off his path of escape in the course of the robbery attempt by stepping towards a wall.
Another witness, Eudolph Mills, testified that earlier that evening, defendant and Gargo left his apartment after one of them said he needed money urgently. Defendant had informed Mills that George had a gun. Detective Philip Iannuccilli, to whom defendant first revealed his presence at the scene of the crime, testified that defendant stated that on that fateful night “they were looking for a prostitute and a pimp ” to take them off.”
These facts would warrant a jury finding that defendant, acting with the requisite culpable mental state, intentionally aided George and Gargo in the commission of the crime of attempted robbery during which one of the participants, known to him to be armed, caused the death of a victim (Penal Law, §§ 20.00, 110.00, 160.15, 125.25, subd. 3, pars, [c], [d]).
The charge to the jury left something to be desired. In at least two places it misstated a fact by informing the jury that defendant had interposed an affirmative defense (Penal Law, § 125.25, subd. 3). There was no basis in fact for that statement since defendant had denied all knowledge of and participation in the underlying crimes. At other times, the statement of the applicable law was confusing and misleading. Illustrative of the latter defect is the court’s statement: “ The People have the burden of proving the defendant guilty beyond a reasonable doubt except in certain instances ” (emphasis supplied).
However, the charge, read as a whole, though ineptly phrased, correctly informed the jury that the burden of proof of guilt *228 beyond a reasonable doubt was upon the People and that, if defendant was found guilty of attempted robbery, the burden of proof of the affirmative defense to felony murder was upon him to establish by a fair preponderance of the evidence.
No request to charge made by defense counsel was rejected by the court and, at the conclusion of the corrective statements requested by counsel, in response to a question by the Trial Judge, said counsel declared “ I have no exceptions.”
Except in the instance of an appeal taken directly to the Court of Appeals pursuant to CPL 450.70 and 450.80, applicable to capital cases, the jurisdiction of the Court of Appeals in criminal cases is limited to considering questions of law (CPL 470.35). With respect to a ruling or instruction of a criminal court during a trial or proceeding, a question of law is presented “ when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same.” (CPL 470.05, subd. 2 [emphasis supplied].) The failure to object to the charge in this case or to request further clarifications at a time when the error complained of could readily have been corrected preserved no questions of law reviewable in this court (People v. Reynolds, 25 N Y 2d 489; People v. Schwartzman, 24 N Y 2d 241, 251, cert. den. 396 U. S. 846; People v. Simons, 22 N Y 2d 533, 541, cert. den. 393 U. S. 1107; People v. Adams, 21 N Y 2d 397, 403). We note in this regard that counsel for both sides are not without responsibility in protecting the substantial rights of the parties and that that responsibility extends to calling the attention of the court to errors of law which adversely affect a client at a time when such errors aie correctible.
Although this court cannot review the alleged errors in the charge for the reasons indicated, appellant has not been deprived of a forum in which his arguments can be heard. We recognize that the Appellate Division is statutorily empowered to “ consider and determine any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant ” (CPL 470.15, subd. 1), even though no protest was registered at the trial (CPL 470.15, subds. 3, 6, par. [a]; People v. Cipolla, 6 N Y 2d 922, 923; see Denzer, Practice Commentary, McKinney’s Cons. *229 Laws of N. Y., Book 11A, CPL 470.15, pp. 578-579). It iwas .within the sole discretion of the Appellate Division to consider appellant’s claim of errors in the charge (People v. Kibbe, 35 N Y 2d 407, 413-414; see, also, Cohen and Karger, Powers of the New York Court of Appeals, § 155). That court, however, unanimously affirmed the judgment.
We are constrained here to affirm the order of the Appellate Division since the alleged errors are not reviewable in this court in the absence of a proper exception or request (CPL 470.05, subd. 2).
Order affirmed.