■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY
COFER, Appellant.—Judgment, Supreme Court, Bronx County, rendered on
January 16, 1974, after trial, convicting defendant of felony murder and
possession of a weapon as a felony, unanimously reversed, on the law, the
facts and in the interests of justice, and a new trial directed. A close
question was presented as to whether this defendant participated in the
robbery during which the slaying occurred. On this record we conclude that
the court committed reversible error when it charged the elements of the
affirmative defense to felony murder set forth in subdivision 3 of section
125.25 of the Penal Law, which defense applies "in any prosecution under
this subdivision, in which the defendant was not the only participant in the
underlying crime". The defendant himself never asserted this defense. In
fact, defendant presented no witnesses and offered no evidence on his behalf.
"There was no basis in fact for that statement [affirmative defense] since
defendant had denied all knowledge of and participation in the underlying
crimes". *(People v Robinson,* 36 NY2d 224, 227.) This unnecessary and
unsolicited instruction led to some confusion on the part of the jury insofar
as the burden of proof is concerned. This is borne out by the fact that,
during their deliberations, the jury asked for additional instruction on (1)
what is meant by reasonable doubt and (2) the affirmative defense to felony
murder. The confusion of the jury is understandable, because, on the one
hand, the court properly instructed the jury that the burden of proving the
defendant's guilt rested on the People beyond a reasonable doubt and, on
the other hand, it charged the jury that the burden of proving the affirma-
tive defense to felony murder rested upon the defendant to prove same by a
fair preponderance of the credible evidence. This confusion would not have
resulted if the court had refrained from charging on affirmative defense to
felony murder. Concur—Stevens, P. J., Kupferman, Murphy, Tilzer and
Capozzoli, JJ.

■    MELVIN STIER, Appellant, v CAROL A. STIER, Respondent.—Order
Supreme Court, New York County, entered March 6, 1975, which granted
defendant's motion for temporary alimony and counsel fees, unanimously
modified, on the law and on the facts, to the extent of reducing the award of
temporary alimony to $275 per week, commencing with the publication of
the decision herein; and to the extent of reducing the counsel fees to $3,000;
and as so modified the order is otherwise affirmed, without costs and
without disbursements. Upon the present record the awards of temporary
alimony and counsel fees were excessive to the extent indicated. The
reduction in the award of counsel fees shall be without prejudice to an
application to the trial court for an increase in the counsel fees if warranted
by the facts and circumstances appearing at the trial. Concur—Markewich,
J. P., Lupiano, Capozzoli, Lane and Nunez, JJ.