■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIOUS H. WINSLOW, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered March 15, 1974, upon a verdict convicting the defendant of the crime of robbery in the second degree. The defendant was convicted, after a jury trial, of robbery in the second degree. It was charged in an indictment that defendant, along with two others, aiding and abetting each other on October 21, 1973, at an apartment in Binghamton, forcibly stole a stereo, records, head phones and some jewelry from one Andrew Shaw, the property belonging to one Faith Condon. Defendant was tried separately after a severance was granted. Upon the record, it is established that one Zupo, a guest at the Condon apartment, was given $90 on October 19, 1973 by one Obie to purchase drugs for him. After Zupo reported to Obie that the money had been stolen, Obie appeared at the Condon apartment with three additional persons, one of whom was identified as defendant. Zupo testified that when he told them he would not be able to get the money for some time, the defendant punched Zupo in the face a couple of times, bloodying his nose, and hit him with a soda bottle on the arm. The defendant then told Zupo that he had better have the money that night at a local tavern. Zupo thereupon left town. On October 21, 1973, Shaw, alone in the Condon apartment, noticed the doorknob being turned from the outside. When he opened the door, four black men, including defendant, were standing in the hall. Defendant asked if Mike was there, Shaw replied that he was not, and defendant said he did not believe him. The men then

entered the apartment. Shaw testified that defendant asked him where he was going and when told he was going to the store, defendant opened a window and asked if Shaw "wanted any help" in going to the store. While one of the four men waved a stick in his face, defendant told Shaw, "nobody wants to hurt you", and that he should sit down. Defendant then told Shaw, "the only thing keeping you alive is your cocky attitude" and "Mike owes some money", so they were confiscating some items from the apartment but they were not stealing them. When Shaw protested, defendant told another of the men to get the shotgun and gasoline. Shaw made no further efforts to resist, and observed the men remove a stereo and two boxes of records from the apartment. After her return home on the following day, Faith Condon reported the incident to the police. Subsequently, several men came back to the apartment and offered to return her property if she would drop the charges. She agreed and certain property was thereafter returned. She testified that she had given no one permission to remove the items from her apartment. On appeal, defendant raises several issues. At the threshold, he contends that a mistrial should have been granted when, during the jury selection process, a prospective juror disqualified herself by advising the court at the bench that she had been a juror on a prior assault trial of the defendants. We conclude that the trial court's method of dealing with this incident was sufficient under the circumstances. After the incident, the court directed the *voir dire* of the remaining prospective jurors to be conducted in private. The court further offered defendant's counsel the opportunity to submit to the court any question or series of questions which he propounded to each juror, one at a time, in chambers, in order to determine whether any of the sworn jurors should be excused. The defense counsel declined the opportunity to do so. In our opinion, these were reasonable methods of avoiding possible prejudice and insuring the defendant a fair trial. (Cf. *People v Rivera,* 26 NY2d 304; *People v Sher,* 24 NY2d 454, mod 24 NY2d 1031, cert den 396 US 837.) Defendant next urges that it was error to allow evidence of an uncharged assault on Zupo which occurred two days prior to the crime charged. Although, generally speaking, evidence of the commission of another crime is inadmissible if offered solely to establish a criminal disposition, whenever evidence of the other crime tends directly to prove the crime charged, it will not be excluded because, incidentally, it shows defendant guilty of another crime. *(People v Molineux,* 168 NY 264.) *Molineux* held that evidence of another crime is admissible if such evidence is probative with respect to issues such as identity, motive and intent. *(People v Molineux, supra,* p 293.) In the present case, the prior assault shed light on a purpose or motive for defendant's return visit to the Condon apartment to collect money from Zupo and his intent to use force or threat of physical force to accomplish such result. We are of the opinion that evidence of the assault on Zupo was, therefore, admissible. The record clearly demonstrates that Shaw was threatened with the use of immediate physical force by defendant and fully supports a finding that a larceny had occurred, contrary to defendant's contention. An examination of the record reveals that defendant took Condon's property to hold until Zupo paid the debt he owed. The jurors could reasonably determine that, in fact, there was no intent to return the property in question, or that since the condition to its return was not subject to the control of its owner or the person from whom it was taken, the natural consequence of defendant's act was to exercise control for so extended a period or under such circumstances as to acquire the major portion of its economic value or benefit. (Penal Law, § 155.00, subds 3, 4.) Finally, defendant maintains that the prosecutor's

summation statements were grossly improper. It is noted that no objection was made to the prosecution's remarks. This court is statutorily empowered, however, to consider any question of law or fact involving error in a criminal court proceeding which may have adversely affected the defendant, even though no protest was registered at the trial. (CPL 470.15, subds 1, 3, 6, par [a]; *People v Robinson,* 36 NY2d 224, 228.) The District Attorney's comments that all members of society have a right to be secure in their homes and to expect that if a crime is perpetrated against them, the responsible parties will be prosecuted and convicted, were not, in our view, in the nature of a "safe streets argument" such as was disapproved in *People v Moore* (26 AD2d 902). Unlike the remark in *People v Bell* (45 AD2d 362) in which the defendant was referred to as the "boss", the prosecutor's reference to defendant in the instant case as "an enforcer" was supported by evidence in the record. An examination of the summation taken in context, reveals that several of the remarks complained of were in response to defense counsel's summation. Considered in this light and with the weight of the evidence against defendant, such remarks cannot be said to have deprived defendant of a fair trial. *(People v Brosnan,* 32 NY2d 254; *People v Marks,* 6 NY2d 67, 77–78; *People v De Cristofaro,* 50 AD2d 994.) Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.