■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVAN BURNSIDE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 7, 1973, convicting him of robbery in the first degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. It is our belief that the cumulative effect of the comments made by the prosecutor during her summation deprived the defendant of a fair trial. At the outset of her summation the prosecutor improperly claimed that defense counsel was only concerned with getting "his man off", that he was not concerned about justice, but instead had distorted and misstated the evidence and had attempted to trick the jury. She also improperly accused the defendant and his witnesses of being liars and told the jury that if it believed them then it must believe that the People's witnesses had committed perjury. Other errors in the prosecutor's summation included her comments on (1) the defendant's failure to call a particular witness, allegedly because that witness, unlike the other defense witnesses, refused to lie for the defendant, (2) the defendant's failure to assert his alibi claim when he was arrested and (3) the defendant's mother's request to see a warrant before admitting the police into her home, thereby implying that she had something to hide. We note that the token booth clerk should not have been permitted to testify as to her out-of-court identification of the defendant since, in our opinion, it was unduly suggestive. However, her in-court identification was properly admitted since it appears to have an independent source. Moreover, one of the police officers who arrested the defendant should not have been permitted to testify that another officer had identified the defendant prior to his arrest (see *People v Trowbridge,* 305 NY 471). Martuscello, Acting P. J., Rabin, Shapiro, Titone and Hawkins, JJ., concur.