■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS K. BATES, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 2, 1975, convicting him of burglary in the third degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. During the course of his summation, the prosecutor remarked: "if Mr. Bates [the defendant] has no involvement in this, where is the outcry of innocence?" Very shortly thereafter the prosecutor added: "And where is there any evidence that Thomas Bates told anybody that he was not involved in this case? Have you heard anything about him telling the police, 'I wasn't involved'?" The first remark inexplicably was not objected to, but an objection to the second remark was sustained and the prosecutor was told, out of the presence of the jury, to refrain from that line of comment. Undoubtedly, both statements violated the fundamental principle of law that a prosecutor may not comment upon, or attempt to take advantage of, the constitutionally protected exercise of an accused's right to remain silent (see *Doyle v Ohio,* 426 US 610, 617-618; *United States v Hale,* 422 US 171; *People v Christman,* 23 NY2d 429; *People v Rutigliano,* 261 NY 103, 107; but, see, *People v Rothschild,* 35 NY2d 355). The error was compounded by the trial court's failure to immediately give proper instructions to the jury to the effect that a person in police custody "is under no duty to speak to the police or anyone else, and his silence is never to be used to infer guilt" (see *People v Ashwal,* 39 NY2d 105, 111). In addition, the record reveals that the prosecutor improperly sought to impeach a key witness for the People by bringing to the jury's attention the fact that the witness (who was a participant in the crime) had made a prior inconsistent statement which was neither in writing and signed, nor an oral statement under oath, and hence failed to meet the prerequisites of CPL 60.35 (subd 1). This improperly introduced impeaching statement was of major consequence inasmuch as, in direct contradiction to the account of the witness, it made the defendant a fully culpable accomplice of the witness, and not merely a passive bystander. The cumulative effect of these errors was to deny the defendant a fair trial (see

*People v Joyner,* 54 AD2d 966; *People v Matonti,* 53 AD2d 1022; *People v Gambino,* 52 AD2d 957; *People v Burnside,* 52 AD2d 626). Under these circumstances, there is a "significant probability * * * that the jury would have acquitted the defendant had it not been for the error or errors which occurred" (see *People v Crimmins,* 36 NY2d 230, 242). Accordingly, the defendant must have a new trial. Cohalan, J. P., Damiani, Hawkins and Mollen, JJ., concur.