■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL SMOOT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 14, 1975, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), attempted robbery in the first degree, attempted robbery in the second degree, assault in the second degree (two counts) and criminal possession of a weapon, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Defendant raises two main issues on this appeal: (1) that it was error for the trial court to allow the prosecutor, upon cross-examination of the defendant (who testified in his own defense) and of his two alibi witnesses, and during the summation to the jury, to elicit and comment upon the fact that neither the defendant nor the two alibi witnesses had told the police or the District Attorney of the alibi defense at or after the time of the defendant's arrest and to argue to the jury that the inference should be drawn from this silence of about two and one-half years (the time between the occurrence of the crimes charged and the trial) that the defense of alibi was a recent fabrication and unworthy of belief; and (2) that it was error for the trial court to limit the cross-examination of David Outler, one of the two key prosecution eyewitnesses and an alleged victim of attempted robbery and assault, as to his past criminal record, the trial court ruling that *People v*

*Sandoval* (34 NY2d 371) applied to a witness who was not a defendant as well as to a defendant testifying in his own defense and, therefore, that the defendant could ask Mr. Outler only about one prior misdemeanor conviction in 1965 and not about any of his other several convictions which happened more than 10 years prior to the trial herein. We note that no timely objection or exception to these alleged errors was made by defendant's trial counsel. In the interest of justice, however, this court may still consider the defendant's claim that he was gravely prejudiced by these errors and that he did not receive a fair trial (see CPL 470.15; *People v Kelly,* 12 NY2d 248). Although not every violation of a defendant's constitutional rights at trial constitutes reversible error (see *Chapman v California,* 386 US 18, 24), we hold that in this case, where the evidence against defendant cannot be characterized as overwhelming, where a review of the testimony of the principal witnesses against him reveals certain inconsistencies and contradictions, and where so much depended on the jury's evaluation of the credibility of the two main prosecution witnesses on the one hand, and of the defendant and his two alibi witnesses on the other, that there was substantial prejudice to the rights of the defendant so as to deprive him of a fair trial. The law is clear that the prosecution may not comment upon the postarrest silence of a defendant and that a defendant has no obligation, when in custody, to tell either the police or the District Attorney that he has an alibi or other exculpatory defense. To cross-examine the defendant about his postarrest and pretrial silence concerning his alibi defense and to comment upon such silence in summation is fundamentally unfair and a denial of the right to due process (see *Doyle v Ohio,* 426 US 610; *United States v Hale,* 422 US 171; *People v Christman,* 23 NY2d 429, 433; *People v Rutigliano,* 261 NY 103; *People v Gambino,* 52 AD2d 957, 958; *People v Felcone,* 43 AD2d 976, 977). Likewise, an alibi witness has no obligation to come forward and contact the police or the District Attorney; such silence by an alibi witness may not be used as a means of discrediting the witness, either upon cross-examination or during the People's summation (see *People v Hamlin,* 58 AD2d 631; but cf. *People v Owens,* 58 AD2d 898). As to the limitation of the cross-examination of Outler as to his past criminal record, we find no authority for applying the *Sandoval* rule to a witness who is not a defendant. Defendant had the right to cross-examine Outler as to any vicious or criminal act committed by him which had a bearing on his credibility as a witness (see *People v Sorge,* 301 NY 198, 200; *People v Donovan,* 35 AD2d 934; Richardson, Evidence [Prince, 10th ed], § 498). Defendant was denied the constitutional right to an effective cross-examination of Outler as to his lack of credibility as a witness and was substantially prejudiced thereby (see *Davis v Alaska,* 415 US 308, 315, 316; *United States v Garrett,* 542 F2d 23, 25). The interests of justice demand that defendant be granted a new trial. Margett, Rabin and Titone, JJ., concur; Gulotta, P. J., concurs in the result, with the following memorandum: I concur with the reasons for reversal set forth above, except insofar as the reversal is predicated upon the prosecutor's references to the alibi witnesses' failure to communicate with the police or prosecutor. In that regard, I concur solely upon the constraint of *People v Hamlin* (58 AD2d 631).