■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONAHUE ARTIS, Also Known as ARTIS DONAHUE, Also Known as DONALD DONAHUE, Also Known as DONALD ARTIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 25, 1977, convicting him of robbery in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Defendant argues that the prosecutor, on cross-examination and in summation, improperly attempted to show that defendant's failure to exonerate himself at the time of his arrest demonstrated his culpability. Although defendant's trial counsel failed to object at either juncture, we may consider defendant's claim in the interest of justice (see CPL 470.15; *People v Kelly,* 12 NY2d 248; see, also, *People v Smoot,* 59 AD2d 898). The combined effect of the prosecutor's questioning and his comments during summation violated the fundamental principle of law that a prosecutor may not comment upon, or attempt to take advantage of, the constitutionally protected exercise of the accused's right to remain silent (see *Doyle v Ohio,* 426 US 610, 617-618; *People v Christman,* 23 NY2d 429; *People v Smoot, supra; People v Bates,* 58 AD2d 838). The effect of this impropriety was particularly egregious in this case where defendant's conviction was almost wholly dependent upon the jury's evaluation of the credibility of three of the alleged victims on the one hand, all of whom had prior convictions, and the

defendant on the other hand, whose own version of the facts, if somewhat implausible, was nonetheless not incredible (cf. *People v Smoot, supra*). In addition, it was reversible error for the court to permit the District Attorney to inquire extensively into the *facts* underlying prior convictions of similar crimes in order to show defendant's propensity to commit the crimes here charged. This questioning was so extensive and the consequent prejudicial effect to the defendant so great, that the court's general charge regarding the limited relevance of prior convictions did not cure the error. Under these circumstances, the interest of justice requires that defendant be accorded a new trial. Damiani, J. P., Titone, Shapiro and Margett, JJ., concur.