■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPHUS HURD, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 29, 1976, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. On this appeal involving a single incident of selling narcotics to two undercover officers, the defendant claims that his counsel was unduly restricted by the court in his cross-examination of the officers. Defense counsel sought to develop inconsistent testimony that the officers had given during prior trials involving alleged sales by others at the same place on the two days immediately preceding the date in question and, through an offer of proof, to establish that one Pruitt could not have been present at the same place on January 18, as testified to by one of the officers during the defendant's trial. The conduct of defense counsel in attempting to reveal that a prosecution based on one of the prior sales resulted in an acquittal, in defiance of the court's ruling that the results of prior prosecutions should not be mentioned to the jury, is not to be commended. Nevertheless, defense counsel should not have been so shackled by this ruling as to prevent his developing effectively inconsistent statements made by the officers in the prior trials. In view of the testimony by Officer Carroll on cross-examination that Pruitt was the second man at the premises on January 18, it was error to exclude the testimony offered to establish that Pruitt could not have been there because he was incarcerated on that date. Relating as these errors do to the fundamental rights of effective cross-examination (see *Davis v Alaska,* 415 US 308) and of an accused to produce witnesses in his own defense (see *Chambers v Mississippi,* 410 US 284, 310), it cannot be said that the errors here were harmless beyond a reasonable doubt (see *People v Crimmins,* 36 NY2d 230, 237) or the prejudice unsubstantial (see *People v Smoot,* 59 AD2d 898, 899). Hopkins, J. P., Lazer, Cohalan and Martuscello, JJ., concur.