James **BROADWATER,** Petitioner,

v.

Kenneth **DUNHAM,** and **Robert Abrams,** Attorney General, State of New York, Respondents.

No. 79 C 629.

United States District Court, E. D. New York.

Nov. 21, 1979.

James Broadwater, pro se.

Denis Dillon, Dist. Atty., Nassau County, Mineola, N. Y. (Anthony J. Girese and Martin I. Saperstein, Asst. Dist. Attys., Mineola, N. Y., of counsel), for respondent Kenneth Dunham.

## MEMORANDUM and ORDER

PLATT, District Judge.

Petitioner, James Broadwater, has filed in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was charged with criminal possession of a weapon in the third degree and was brought to trial in the Nassau County Court. He was found guilty by a jury and

was sentenced to a term of imprisonment of two (2) to four (4) years. The Appellate Division, Second Department, affirmed the conviction by an order of March 24, 1977, and the Court of Appeals (Breitel, C. J.) denied leave to appeal in April, 1977.

Petitioner makes five arguments in support of his petition for a writ of habeas corpus: 1) that he was subjected to an unconstitutional search and seizure, since, according to petitioner, the information the police received leading to his arrest did not amount to probable cause; 2) that petitioner was not given sufficient *Miranda* warnings and did not properly waive his constitutional rights; 3) that the trial court erred in permitting the prosecution to use one of defendant's admissions on cross-examination without holding a hearing on voluntariness and lack of notice; 4) that the prosecutor improperly commented during summation on petitioner's failure to offer exculpatory explanations to the arresting officer; and 5) that the indictment was defective because of certain alleged improprieties occurring during the grand jury proceeding. Petitioner has exhausted his State remedies on each of the above issues. *See Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1974).

Petitioner's first claim of unconstitutional search and seizure due to a lack of probable cause may be rejected on procedural grounds. The Supreme Court held in *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976), that ". . . [w]here the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained through an unconstitutional search and seizure was introduced at his trial." From the record, it is clear that petitioner was given ample opportunity to litigate his Fourth Amendment claim throughout his State proceedings. At his suppression hearing, the Court found that "patrolman Ballard had probable cause to believe that defendant had a gun in his possession and was justified in opening the door of the car where the gun was in his view and that the

arrest was lawful." (*Huntley* hearing transcript at 69). Furthermore, petitioner raised his Fourth Amendment claim before the Appellate Division in his brief and oral argument, and at his leave-to-appeal hearing before then Chief Judge Breitel of the Court of Appeals.

■ Therefore, since the State has already determined the merits of petitioner's claim, it is not properly reviewable in a federal habeas corpus action and will not be considered here.

Petitioner next asserts that he was given insufficient *Miranda* warnings and did not validly waive his constitutional rights. Presumably, this claim relates to the admission of two allegedly inculpatory statements against the petitioner at trial.

This asserted ground may be disposed of on grounds similar to those applicable to petitioner's Fourth Amendment claim. On the basis of the Supreme Court's holding in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1976), this Court need not consider either the adequacy of the *Miranda* warnings given to petitioner or the admissibility of the two statements in question. Petitioner's failure to raise these issues at the *Huntley* hearing constituted a State procedural waiver, placing this case squarely within the holding of *Wainwright* that, where a State requires a contemporaneous objection to or inquiry about the admissibility of post-arrest statements, failure so to object or inquire precludes later federal habeas corpus review, absent "a showing of 'cause' and 'prejudice' attendant to" the failure to follow the State procedural requirement. *Wainwright*, 433 U.S. at 87, 97 S.Ct. at 2506.

■ New York clearly requires pre-trial inquiry into the adequacy of *Miranda* warnings to preserve the issue for appellate review. *People v. Tutt*, 38 N.Y.2d 1011, 384 N.Y.S.2d 444, 348 N.E.2d 920 (1976). It is apparent in this case that the State appellate courts did not consider the sufficiency of the *Miranda* warnings to be at issue, as evidenced by the Appellate Division's affirmance of petitioner's conviction without

opinion. Further, petitioner has made no showing in this Court of the kind of "cause" and "prejudice" required by *Wainwright* to allow this Court to entertain a collateral attack on the adequacy of petitioner's *Miranda* warnings.* *See also Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976). This Court, therefore, is without power to entertain petitioner's second asserted ground for relief on its merits.

Petitioner's third claim involves an alleged error by the trial court in allowing the prosecution to use one of defendant's admissions on cross-examination without first holding a hearing on voluntariness and lack of notice. The issue here involves a statement which was not known to either side until the trial had commenced (Tr. 57). Therefore, defense counsel could not be expected to have raised this issue at the *Huntley* hearing where it would have been appropriately litigated. The issue therefore is whether notice or a hearing is required in order to introduce an admission by the defendant on cross-examination.

It has been held in this jurisdiction that lack of notice does not raise an issue cognizable in a habeas corpus proceeding. *Rivera v. Warden*, 431 F.Supp. 1201, 1203 (E.D. N.Y.1977); *United States ex rel. Cummings v. Zelker*, 329 F.Supp. 4, 8 (E.D.N.Y.1971), aff'd, 455 F.2d 714 (2d Cir.), *cert. denied*, 406 U.S. 927, 92 S.Ct. 1800, 32 L.Ed.2d 128 (1972). Moreover, the record reveals that the prosecution disclosed the uncounseled

statement to the trial court and to defense counsel as soon as it was disclosed to him (Tr. 57).

■ However, the Court in *Rivera* went on to hold that a defendant is entitled to a separate determination of the voluntariness of a confession before it will be admitted for impeachment purposes, where coercion or other circumstances of involuntariness are in issue. *Id.* at 1205. Therefore, had defense counsel alleged involuntariness and requested a *Huntley* hearing at any time after learning of the uncounseled statement, under *Rivera*, he would have been entitled to it. Instead, defense counsel reserved this right when the statement was first disclosed (Tr. 57), and at the close of the prosecution's case, merely requested that the district attorney be precluded from introducing the statement (Tr. 147). Furthermore, the thrust of defense counsel's motion appeared to be lack of notice and unfair surprise (Tr. 148), an admittedly weaker argument than the absence of a hearing on voluntariness. Therefore, in view of the prosecution's speedy disclosure, that no request for a *Huntley* hearing was made during trial, that defense counsel appeared to rely on lack of notice as the rationale for his objection to the admission of this statement on cross-examination, and the overwhelming evidence of defendant's guilt according to the record in this case, petitioner's third claim must be dismissed as meritless.[1]

---

* The Supreme Court's earlier decision in *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1963), had suggested that a State defendant has an absolute right to a hearing on the voluntariness of post-arrest statements, and that the right could not be extinguished by his failure to raise the issue before trial, at trial, or on appeal. Such a holding, of course, would preserve the issue for collateral attack through a federal habeas corpus petition, and would thereby allow this Court to address petitioner's contention in the case at bar.

The Court laid that notion to rest, however, by noting in *Wainwright* that there is no constitutional requirement that there be a voluntariness hearing absent "some contemporaneous challenge"—in accord with the State's procedural requirements—to the use of inculpatory post-arrest statements. 433 U.S. at 85, 97 S.Ct. at 2506. In short, the right provided for in *Jack-

son* was only the right to *object* to the use of the statements, thereby provoking a hearing, not the right to a hearing at any stage of the proceedings regardless of the defendant's failure to object.

1. It is clear that, as a general principle, a defendant's statements otherwise inadmissible because they flowed from unconstitutional police or prosecutorial actions are properly usable for impeachment of the defendant if he should take the stand at his trial, provided "that the trustworthiness of the evidence satisfies legal standards." *Harris v. New York*, 401 U.S. 222, 224, 91 S.Ct. 643, 645, 28 L.Ed.2d 1 (1971). We note that petitioner has at no time disputed the trustworthiness of the statement at issue here, a fact which reinforces our belief that petitioner's third ground for relief fails to raise an issue of constitutional dimension.

Petitioner's fourth claim involves allegedly improper comment by the prosecution during summation on petitioner's failure to offer exculpatory explanations to the arresting officer.

■ At the outset, it should be noted that petitioner failed to object to these asserted improprieties at the trial, raising them for the first time on appeal. The trial judge was thereby denied the opportunity to correct any error which may have been committed. More importantly, petitioner is now foreclosed from raising these points in a federal habeas corpus petition because of the Supreme Court's holding in *Wainwright v. Sykes*, discussed *supra* in connection with petitioner's second ground for relief.

■ Even if we were to address petitioner's contention, we would find that any impropriety that may have occurred was harmless error and did not rise to the level of constitutional dimension so as to be redressable here. We note that in *Doyle v. Ohio*, 429 U.S. 610, 96 S.Ct. 2240, 49 L.Ed. 91 (1976), in which the Supreme Court held that the use for impeachment purposes at trial of a defendant's post-arrest silence after he has received *Miranda* warnings violates the due process clause of the Fourteenth Amendment, the Court clearly implied that its holding encompassed a harmless error exception. *Id.* at 619, 96 S.Ct. 2240. One Circuit, in applying this exception, has noted that where a case "does not present a prosecutorial focus—by repetitive questioning—on a defendant's silence, as in Doyle," no constitutional error is involved. *United States v. Davis*, 546 F.2d 583, 594–95 (5th Cir. 1977). We find no such "prosecutorial focus". on petitioner's post-arrest silence here, and would thus be compelled to find that the prosecutor's comments, if error at all, were harmless.

■ The record reflects, moreover, that the allegedly improper comments by the prosecution came merely in response to defense counsel's suggestion of alternative theories, during his own summation, as to how the gun arrived in defendant's car (Tr. 184–187, 191, 196–197). The Assistant District Attorney aptly notes in his memorandum of law in response to petitioner's application ("Respondent's Memorandum") that "this was unfair comment on evidence that did not exist and by presenting these possibilities, defense counsel became an unsworn witness for petitioner at a time when both sides had rested." Respondent's Memorandum at 29. Therefore, even though the trial court properly instructed the jury that summations by counsel did not constitute evidence in the case (Tr. 201), it is clear that the prosecution's comments were provoked by the improper comments of defense counsel and that the latter's remarks, left unanswered, would have created substantial prejudice to the prosecution's case. Accordingly, the Court finds that the prosecution's remarks were not inappropriate under the circumstances, and petitioner's fourth claim is without merit.

Finally, petitioner argues that the indictment was defective because of certain alleged improprieties which occurred during the grand jury proceeding. Such improprieties allegedly included: 1) prohibiting grand jurors from asking questions of the witness; 2) failure of the prosecutor to ask questions requested by the grand jurors; 3) failure to record the instructions given to grand jurors by the District Attorney; and 4) failure to call relevant witnesses to testify.

■ In *Preiser v. Rodriguez*, 411 U.S. 475, 486, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court stated that a defective indictment may be appropriate grounds for habeas corpus relief. However, a petitioner bears the difficult burden of rebutting a presumption of regularity regarding grand jury proceedings. Furthermore, the only irregularities which could void an indictment are those which "infect the proceedings of the grand jury, or deprive the defendants of a fundamental right or violate the paramount policy of the United States . . . .". *United States v. Kazonis*, 391 F.Supp. 804, 805 (1975), *aff'd,*

580 F.2d 962 (1st Cir.), *cert. denied*, 429 U.S. 826, 97 S.Ct. 80, 50 L.Ed.2d 88 (1976).

The record does not reflect that the State court found any error in the grand jury proceeding. In addition, respondent has aptly pointed out that petitioner's allegations are "totally conclusory in nature" with "not one factual instance . . . nor . . . the source of the information" disclosed. Respondent's Memorandum at 32.

■ Finally, the transcript reflects sufficient evidence that defendant committed the offense charged in the indictment. Such evidence included finding a loaded gun in defendant's car (Tr. 51–52) and defendant's later voluntary admission that he owned the gun (Tr. 50). Therefore, in view of· the ample evidentiary support for the indictment, mere conclusory allegations on petitioner's part are not enough to rebut the presumption of regularity in the grand jury proceeding.

Accordingly, petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be, and the same hereby is, denied.