William BROWN, Petitioner,

v.

Theodore REID et al., Respondents.

No. 80 Civ. 2092.

United States District Court,
S. D. New York.

June 26, 1980.

William Brown, pro se.

Robert Abrams, Atty. Gen., State of N.Y., New York City, for respondents; Gerald J. Ryan, Asst. Atty. Gen., New York City, of counsel; William S. Stancil, Law Apprentice.

## OPINION

EDWARD WEINFELD, District Judge.

■ Petitioner, William Brown, seeks a writ of habeas corpus pursuant to 28 U.S.C., section 2254 for the alleged denial of his federal constitutional rights. He was con-

victed in New York Supreme Court on November 16, 1977 after a trial by jury of criminal possession of a weapon in the third degree.[1] He was sentenced to a term of imprisonment of from three to six years. His conviction was affirmed without opinion by the Appellate Division, First Department, on June 28, 1979[2] and leave to appeal to the Court of Appeals was denied on August 22, 1979.[3] Petitioner has thus exhausted his state remedies.[4]

In support of his petition, petitioner claims that several instances of improper conduct by the prosecutor at his trial denied him a fair trial.[5] In response, the state contends, inter alia, that by his failure contemporaneously to object at the trial to the prosecutor's alleged conduct upon which he grounds his federal constitutional claims, petitioner is precluded from obtaining habeas corpus review of those issues in the federal courts under the rule of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Under *Wainwright* a federal court is barred from consideration of a constitutional claim in a habeas corpus proceeding if the state courts rejected the same claim on direct review on the basis of an independent state procedural ground, unless the petitioner demonstrates both cause for the failure to meet the state procedural requirement and actual prejudice.[6] The respondent argues that petitioner's lack of objection or protest to the cross-examination and summation constituted such an adequate procedural ground precluding federal review.

■ It is well-established New York law that the absence of protest or objection at trial ordinarily precludes appellate review of any alleged error.[7] It is equally clear, however, that the Appellate Division possesses the power, to be exercised in its sole discretion, to consider any error in a criminal proceeding even though no protest was registered at trial. Such discretion may be exercised in the interest of justice when the error presented is so serious it deprives the defendant of a fair trial.[8] Thus the Appel-

1. New York Penal Law § 265.02(4) (McKinney's 1980).

2. *People v. Brown*, 70 A.D.2d 1061 (1st Dep't 1979).

3. *People v. Brown*, 48 N.Y.2d 637, 421 N.Y.S.2d 1035, 396 N.E.2d 208 (1979) (Jones, J.).

4. *See Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

5. Specifically, petitioner claims constitutional error in that (1) the prosecutor cross-examined him with regard to his post-arrest silence; (2) the prosecutor, during her summation, suggested that petitioner bore the burden of proof to show that the prosecution witnesses were lying and to produce or explain away the absence of two witnesses to the alleged crime who pointed petitioner out to the arresting policemen; and (3) by suggesting that petitioner fabricated his own testimony after hearing the prosecution's witnesses, the prosecutor deprived petitioner of the right to be present at his own trial and to present a defense.

6. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *Wainwright* itself involved the failure of the petitioner there to comply with a state's contemporaneous objection rule.

7. New York C.P.L. § 470.05(2) (McKinney's 1971). *See People v. Williams*, 46 N.Y.2d 1070, 416 N.Y.S.2d 792, 390 N.E.2d 299 (1979) (error in summation); *People v. Cicchetti*, 44 N.Y.2d 803, 805, 406 N.Y.S.2d 285, 287, 377 N.E.2d 739, 740 (1978); *People v. Arce*, 42 N.Y.2d 179, 190, 397 N.Y.S.2d 619, 626, 366 N.E.2d 279, 286 (1977) (error in summation); *People v. Cook*, 42 N.Y.2d 204, 209, 397 N.Y.S.2d 697, 700, 366 N.E.2d 788, 790–91 (1977) (error in summation); *People v. Robinson*, 36 N.Y.2d 224, 228–29, 367 N.Y.S.2d 208, 211, 326 N.E.2d 784, 786 (1975); *People v. Fragale*, 60 A.D.2d 972, 401 N.Y.S.2d 629 (4th Dep't 1978) (error in summation); *People v. Garcia*, 51 A.D.2d 329, 381 N.Y.S.2d 271, 274 (1st Dep't 1976), *aff'd*, 41 N.Y.2d 861, 393 N.Y.S.2d 709, 362 N.E.2d 260 (1977) (error in summation); *People v. Graham*, 48 A.D.2d 646, 368 N.Y.S.2d 518 (1st Dep't 1975), *aff'd*, 39 N.Y.2d 775, 385 N.Y.S.2d 31, 350 N.E.2d 408 (1976) (error in summation).

8. New York C.P.L. § 470.15(3)(c) & (6)(a) (McKinney's 1971). *See Ulster County Court v. Allen*, 442 U.S. 140, 151 n.10, 99 S.Ct. 2213, 2221 n.10, 60 L.Ed.2d 777 (1979); *People v. Robinson*, 36 N.Y.2d 224, 228–29, 367 N.Y.S.2d 208, 211–12, 326 N.E.2d 784, 786 (1975); *People v. Patterson*, 39 N.Y.2d 288, 294–95, 383 N.Y.S.2d 573, 577, 347 N.E.2d 898, 902, 903 (1976), *aff'd*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *People v. Gray*, 71 A.D.2d 295, 423 N.Y.S.2d 66, 67 (4th Dep't 1979); *Peo-

late Division was empowered to pass upon the merits of petitioner's claims had it seen fit to do so.

The mere fact that the state appellate courts may, in their discretion, choose not to apply the contemporaneous objection rule and to review unobjected-to errors does not, however, in and of itself mean that the *Wainwright* rule is inapplicable. Rather it is necessary to inquire in each particular case whether the state courts in fact relied on the procedural ground in rejecting the petitioner's appeal, or whether they exercised their discretion to reach the merits of his constitutional claims.[9]

In this case, neither state appellate court to which petitioner applied issued an opinion expressing its reasons for rejecting petitioner's appeal. However, the prosecution argued the petitioner's procedural default before the Appellate Division and urged affirmance on this ground.[10] This makes clear that the New York courts were aware of petitioner's failure to object at the trial without the need to comb the record and indicates further that the state courts were "thinking in procedural terms" when they affirmed the conviction.[11] Moreover, the silence of the Appellate Division is not a neutral factor. The summary nature of its affirmance without opinion, particularly when coupled with the fact that the state pressed the procedural deficiency on the appeal, strongly suggests that that court regarded the procedural defect as controlling the outcome of petitioner's appeal, and that it did not take the extraordinary measure of exercising its discretion to review the claim on the merits.[12] Finally, the fact that the Court of Appeals denied leave to appeal rather than permitting an appeal to be taken indicates that no issue of law was properly presented for review under New York law.[13]

In sum, the Court concludes that the New York state appellate courts rejected petitioner's appeal on the procedural ground that he failed to object at trial to the errors he claimed on appeal and that they did not consider the merits of his claims. Since petitioner has not attempted the slightest showing of "cause" for this default, the Court is without power to entertain his petition for habeas corpus.[14] Accordingly, the petition is denied.

So ordered.

---

ple v. Artis, 67 A.D.2d 981, 413 N.Y.S.2d 438 (2d Dep't 1979) (error in summation); *People v. Fragale*, 60 A.D.2d 972, 401 N.Y.S.2d 629 (4th Dep't 1978) (error in summation); *People v. Winslow*, 51 A.D.2d 824, 379 N.Y.S.2d 535 (3d Dep't 1976).

9. *See, e.g., Ulster County Court v. Allen*, 442 U.S. 140, 151–54, 99 S.Ct. 2221–2223, 60 L.Ed.2d 777 (1979); *Hockenbury v. Sowders*, 620 F.2d 111 (6th Cir.1980); *Lewis v. Cardwell*, 609 F.2d 926 (9th Cir.1979); *Bradford v. Stone*, 594 F.2d 1294 (9th Cir.1978); *Miller v. North Carolina*, 583 F.2d 701, 705–06 (4th Cir.1978); *Lussier v. Gunter*, 552 F.2d 385, 388 (1st Cir.), *cert. denied*, 434 U.S. 854, 98 S.Ct. 171, 54 L.Ed.2d 124 (1977); *United States ex rel. Floyd v. Wardens*, 480 F.Supp. 232, 235 (N.D.Ill. 1979); *Ramos v. Seidl*, 479 F.Supp. 771, 778 n.9 (D.N.J.1979); *Broadwater v. Dunham*, 479 F.Supp. 1097, 1099, 1101 (E.D.N.Y.1979). *But see Taylor v. Reid*, 78 Civ. 862 (CBM) (S.D.N.Y. 12/1/78).

10. Respondent's Brief at 2, 11, 17.

11. *Cf. Ulster County Court v. Allen*, 442 U.S. 140, 152, 99 S.Ct. 2213, 2222, 60 L.Ed.2d 777 (1979) (prosecution never argued procedural default at all in state courts); *Ramos v. Seidl*, 479 F.Supp. 771, 778 n.9 (D.N.J.1979) (state bypassed *Wainwright* argument in state proceedings).

12. *See Lewis v. Cardwell*, 609 F.2d 926, 928 (9th Cir.1979); *Broadwater v. Dunham*, 479 F.Supp. 1097, 1099 (E.D.N.Y.1979); *Cf. Hockenbury v. Sowders*, 620 F.2d 111, 116 (6th Cir. 1980) (state court found to have relied on procedural ground despite "cursory" review of merits).

13. *See* New York C.P.L. § 460.20(1) (McKinney's 1971).

14. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *See also Lewis v. Cardwell*, 609 F.2d 926, 928 (9th Cir.1979); *Hockenbury v. Sowders*, 620 F.2d 111 (6th Cir. 1980); *Broadwater v. Dunham*, 479 F.Supp. 1097 (E.D.N.Y.1979).