OPINION OF THE COURT
Beverly Cohen, J.
Defendant Delano Sharp was convicted of the crimes of criminal possession of stolen property and unauthorized use of a motor vehicle. Prior to submission of the case to the jury defendant moved for a mistrial on the grounds that his Fifth Amendment rights had been violated.
The issue presented is whether the fact that the defendant made a statement voluntarily while detained in the precinct station house sometime after his arrest permitted comment by the prosecutor on the fact that defendant made no statement at the time of his arrest.
FACTS
Defendant was arrested as he drove down 9th Avenue. Following behind him was a police car in which Police Officer Booth was a passenger. Officer Booth noticed that the car was not operating properly. He made a radio check of the plate and received notice that the car had been reported stolen. At this point the car pulled over to the curb and Officer Booth and his partner stepped out of their car and arrested defendant and the passenger of the car.
*201 On the People’s direct case, Officer Booth testified that he observed that the car was being driven without a key, and that the ignition cylinder was missing. In the course of direct examination Officer Booth was asked whether defendant said anything when he was arrested. Booth replied that defendant said nothing at the time of his arrest. He testified further that he returned to the precinct station house with defendant and gave him Miranda warnings and that sometime thereafter defendant made a statement about how he came into possession of the car.
Defendant testified that he had obtained the car from an acquaintance who was offering it for sale, for the purpose of a test drive. He said further, that he had been driving with keys, and that when he got of the car, the car keys were in his pocket. On cross-examination he was asked by the prosecutor whether he had told the police officer at the time of his arrest that he had the car keys in his pocket. He testified that he had said nothing at the time of his arrest.
In rebuttal, the People called Officer Ryan who had arrested the defendant. He was asked whether defendant had said anything about keys when he was arrested. The officer replied that defendant said nothing when he was arrested.
In her summation, the Assistant District Attorney remarked on the fact that defendant failed to say anything at the time of arrest, inviting the jury to consider what this failure to speak might signify.
We, thus, have four references to defendant’s failure to speak at the time of his arrest. Three questions by the prosecution and the comments in summation. No objection to these references was made by the defense counsel.
On the day following summation, immediately before the charge to the jury, defendant moved for a mistrial on the ground that his right to remain silent had been violated.
THE LAW
It is settled law in this State that a defendant’s silence at the time of his arrest cannot be used in the People’s casein-chief, as proof of guilt. (People v Rutigliano, 261 NY *202 103.) It is the law in this State, as well, that except in “unusual circumstances” the defendant’s silence at the time of his arrest cannot be used to impeach him if he testifies, even if no Miranda warnings had yet been given. (People v Conyers, 49 NY2d 174.) “Unusual circumstances” have been found where the defendant was himself a police officer who had a duty to explain (People v Rothschild, 35 NY2d 355), and where a comprehensive statement by defendant, at the time of arrest, failed to include the exculpatory material to which he testified at trial. (People v Savage, 50 NY2d 673, cert den 449 US 1016.) No such “unusual circumstances” exist in the case at bar.
The facts of this case do not bring it within the purview of Savage.
Although Sharp made a statement sometime after his arrest, after he was in the station house there was not the complete narration of “the essential facts of his involvement” found in Savage (50 NY2d, at pp 676, 679).
“[T]he State is denied the right to draw adverse inferences from the fact that a defendant has maintained an effective silence, even if something less than total” (People v Savage, supra, at p 680).
This case can be distinguished from People v Savage (supra) in further ways. The salient features of Savage were: a comprehensive statement by defendant after arrest; no mention of certain exculpatory material; defendant’s testimony at trial about the exculpatory matter.
The Court of Appeals sustained the right of the prosecution to inquire and comment on defendant’s omission of the exculpatory matter from his original statement. This holding means that once a defendant waives his right to remain silent, by making a statement, his statements made after the waiver are subject to scrutiny. The Savage holding did not consider silence before the waiver, and thus has no application to the case at bar.
Defendant, Delano Sharp, had a constitutional right to remain silent at the time of his arrest. His later statement had no affect on that right. Accordingly, his statement, which was a waiver of his right, cannot justify inquiry and comment on his earlier silence. Until such time as the *203 privilege is waived, the privilege is in effect and protects the defendant.
In logic, a subsequent waiver cannot be made retroactive to the time of arrest. Otherwise, every defendant who made a statement would be subject to attack for not having made that statement sooner.
To permit the use by the prosecution of the defendant’s silence at arrest would be unfair according to the standard of Doyle v Ohio (426 US 610, 618). In People v Conyers (supra) our Court of Appeals recognized the fact that silence at the time of arrest is equivocal and thus not very probative of guilt. The court pointed out further that it would not be fair to use defendant’s silence against him since most people nowadays rely on the common understanding that one’s silence cannot be used against one. (People v Conyers, supra, at pp 180-182.)
In opposing defendant’s motion, the People rely on People v Davis (92 AD2d 177).
In Davis, the defendant was arrested after a lengthy chase by several police officers in which gunshots were exchanged. He was charged with attempted murder, attempted assault and criminal possession of a weapon.
The two arresting officers testified that the defendant said to them at the time of arrest, “I should have killed you”.
Defendant testified that he had said nothing at the time of his arrest.
In summation, the Assistant District Attorney commented on the fact that defendant said he did not make any statement at the time of arrest. The court held that such comment was not error.
“Since his testimony had been specifically contradicted by the arresting police officers, this raised a question of defendant’s credibility. Obviously, fair comment, reflective on a defendant’s credibility, was proper and did not require curative instructions from the trial court.” (People v Davis, supra, p 188.)
Davis differs from the case at bar, in that in Davis the People did not use the silence of defendant to show guilt. The prosecution offered the statement of the defendant, “I *204 should have killed you” as evidence of guilt. There was thus a conflict as to whether defendant had made the statement.
In the present case, the questions asked of the police officers were intended to show that defendant’s silence at the time of his arrest was evidence of guilt, since there was no controversy about whether the defendant had spoken. All witnesses agreed that the defendant had said nothing at the time of his arrest. The Assistant District Attorney in her summation suggested that silence was an indication of guilt. Davis does not countenance comment by the prosecution on the failure of a defendant to speak at the time of his arrest.
The verdict in this case depended largely on the jury’s evaluation of the defendant’s credibility. The main issue for the jury’s determination was the state of mind of the defendant. Both charges against defendant raised the issue of whether defendant knew the car he was driving was stolen. Defendant testified as to the circumstances of his obtaining the car. His testimony was unrebutted, yet the jury in evaluating the testimony concluded that defendant knew the car was stolen.
The use of defendant’s silence to suggest guilt was damaging to defendant and deprived him of a fair trial since his credibility was the linchpin of his defense. (People v Williams, 67 AD2d 613.)
Because of the serious violation of defendant’s constitutional right to remain silent the motion for a mistrial is granted despite the absence of timely objection. (People v Artis, 67 AD2d 981; People v Smoot, 59 AD2d 898.) The verdict is vacated.