People v Cantos (2023 NY Slip Op 51349(U))

[*1]

People v Cantos (Michael)

2023 NY Slip Op 51349(U)

Decided on December 13, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 13, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570314/17

The People of the State of New York, Respondent,
against
Michael Cantos, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Guy H. Mitchell, J.), rendered April 24, 2017, after a nonjury trial, convicting him of sexual abuse in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Guy H. Mitchell, J.), rendered April 24, 2017, affirmed.
The information charging sexual abuse in the third degree (see Penal Law § 130.55) was not jurisdictionally defective. Non-hearsay allegations established every element of the offense and defendant's commission thereof (see CPL 100.40[1][c]; People v Middleton, 35 NY3d 952, 954 [2020]). Contrary to defendant's contention, the described conduct, as observed by a police officer on a subway train, supported reasonable inferences that defendant acted without the victim's consent (see People v Bookard, 167 AD3d 424 [2018], lv denied 32 NY3d 1169 [2019]).
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the court's determination concerning credibility. The evidence, including the credited testimony of two plainclothes police officers and a witness, established that defendant - who was initially observed walking up and down a subway platform, approaching trains, looking into subway cars and allowing the trains to leave without boarding - finally boarded a train, positioned himself directly behind a female passenger, and repeatedly thrust his groin back and forth against the woman's buttocks. Defendant and the victim did not speak at any point, they departed the train separately, and defendant told the arresting officer that he rubbed his groin against a woman on the train. Based upon this evidence, the trial court could rationally infer that defendant engaged in "sexual contact" when he touched the victims' buttocks (see Penal Law § 130.00[3]) and that he acted without the victim's consent (see People v Lopez, 168 AD3d 418, 419 [2019], lv denied 33 NY3d 1033 [2019]; People v Bookard, 167 AD3d at 424).
Defendant's claim that he did not consent to the incorporation of the hearing testimony into the trial record is unpreserved, and we decline to review it in the interest of justice. We note [*2]that where a defect may be readily corrected by calling additional witnesses or directing the People to do so, requiring a defendant to call the defect to the court's attention "at a time when the error complained of could readily have been corrected" (People v Robinson, 36 NY2d 224, 228 [1975]) serves an important interest (see People v Gray, 86 NY2d 10, 20 [1995]). As an alternative holding, we find that the record sufficiently established that defendant consented to the procedure.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 13, 2023