THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK MORGAN, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered November 19, 1943 after a jury trial, convicting him of robbery in the first degree, assault in the second degree and grand larceny in the second degree, and sentencing him, as a third felony offender, to serve a term of 40 to 60 years. Judgment modified on the law and the facts by reducing the sentence to not less than 25 years nor more than 45 years. As so modified, judgment affirmed. By order dated November 26, 1963 this court vacated a prior order dismissing this appeal. We have reviewed the issues raised concerning the sufficiency of the evidence and the alleged prejudicial remarks of the prosecutor in his summation, and find them to be without merit. With respect to the sentence, however, the record discloses that the sentencing Judge was motivated in part to impose the unusually severe sentence of 40 to 60 years because defendant had put the People to the test of a trial rather than accepting the offer to plead guilty to a lesser plea, and because defendant had refused to take the stand in his own behalf. The imposition of punishment based on such considerations was improper (*People* v. *Guiden,* 5 A D 2d 975). Defendant had previously been convicted on his own pleas of assault in the second degree with a weapon and of attempted robbery in the third degree, unarmed. Although, in the commission of the crime for which he now stands convicted, defendant was not the weapon wielder, nevertheless he did participate in a holdup during which his accomplice used a revolver and in fact bloodied the victim's head with blows. These considerations do weigh heavily against defendant and were properly considered by the sentencing court in meting out a lengthy prison term. Under section 1941 of the Penal Law, defendant's minimum and maximum sentence could have been respectively 15 and 60 years. In 1943 when he was convicted he was 36 years old; adding

the 22 years he has served, he is now 58 years old. In our opinion, based on all the facts, the sentence as originally imposed was excessive; it should be reduced as above indicated, so that defendant might at least now be afforded *the opportunity* of parole. Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.