■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY TURRELL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 19, 1977, convicting him of robbery in the first degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. In its charge to the jury, the trial court, in discussing the burden of proof, used the phrase "proof to a moral certainty". Later in the charge, the trial court advised the jury that any request for a rereading of testimony should be "your last resort." Although both of these instructions constituted error (see *People v Forest*, 50 AD2d 260; CPL 310.30), it is our view that defendant was not deprived of a fair trial thereby, whether the errors are viewed individually or collectively. With respect to the burden of proof, an examination of the entire charge indicates that the trial court stressed the proper standard, i.e., that guilt had to be proved beyond a reasonable doubt. With regard to the rereading of testimony, the charge, viewed in its entirety, clearly reveals that the trial court advised the jurors that they were not to feel intimidated and that the testimony would be at their disposal, if it was needed. Damiani, J. P., Suozzi and Rabin, JJ., concur.

Titone, J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: In my opinion the trial court's charge with respect to reasonable doubt was confusing and contained contradictory statements. Initially the court mistakenly equated reasonable doubt with "proof to a moral certainty", which term was expressly disapproved in *People v Forest* (50 AD2d 260, 262) as permitting a lesser standard of proof. Error was also committed by the trial court in its charge on reasonable doubt when it stated: "On the other hand, if *your minds are waivering [sic] or the scales are even,* or you have such a reasonable doubt arising out of the credible evidence or the lack of it, as to any element of the particular crime submitted to you, the benefit of the doubt must be

given to each of the defendants, and your verdict must be not guilty." (Emphasis supplied.) Such language may well have misled the jury to believe that something less than evidence showing guilt beyond a reasonable doubt would suffice for a conviction (see *People v Cohen,* 61 AD2d 929). Furthermore, the trial court employed language in its charge from which the jurors might have mistakenly inferred that they should be hesitant in requesting that testimony be read back to them. Although CPL 310.30 mandates that the trial court consider a jury request for information or instructions during its deliberations, the trial court herein gave the following inhibiting advice: "But, let me tell you something, this is, in no way, intimidating you. You heard it [the testimony] here yesterday. Don't tell me you haven't heard it. If you were paying the attention that these gentlemen were, and I was, you should be able to reconcile those matters in there. It's [the testimony] at your disposal, *but see if you can do it in there. This should be your last resort.* * * * That's your function. We did ours, and I hope you're going to do yours. But, if you want us, we're here." (Emphasis supplied.) While a trial court in its discretion may determine how much of the trial testimony, if any, shall be read to a jury following its request for such information (cf. *United States v Desist,* 384 F2d 889, affd 394 US 244, reh den 395 US 931), it should not discourage a jury from exercising its statutory right to seek legitimate information which may aid it in arriving at an informed decision. Nowhere in CPL 310.30 is there any suggestion that a request for the reading of testimony to a jury during its deliberations should be made as a "last resort." If anything, it is far better for a jury to take time out during deliberations to attend a reading of pertinent testimony than to arrive at a decision based on speculation and the vagaries of memory. In sum, I believe the cumulative effect of the errors in the trial court's charge deprived defendant of a fair trial. Accordingly, I vote to reverse and order a new trial.