■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BLUM, Appellant.—Judgment, Supreme Court, Bronx County, rendered December 13, 1977, convicting defendant, on jury verdict, of robbery in the second degree (Penal Law, § 160.10), and sentencing him to an indeterminate term of imprisonment of 5 to 15 years, is modified, as a matter of discretion and in the interest of justice, to the extent that the sentence is reduced to an indeterminate term of imprisonment of not less than 3⅓ and not more than 10 years, and the court imposes that sentence on the defendant. The Trial Justice charged the jury, without objection or exception, that "a person is presumed to intend that which he actually does." In the light of *Sandstrom v Montana* (442 US 510), we deem it advisable to caution the Trial Justices not to use the language of presumption (as distinct from permissible but not necessary inferences) in connection with charges of intent in criminal cases. Depending on the circumstances, the jury may but are not required to draw the inference that the defendant intended the natural and probable consequences of his acts. The defendant's intent is to be determined in the light of all the evidence; and the requisite culpable intent must be proved beyond a reasonable doubt. (Cf. *People v Dellipizzi*, 61 AD2d 961.) In the present case we do not think the charge calls for reversal because: (a) there was no objection; (b) there is no likelihood that the jury was misled; and (c) the Judge did not charge any presumption as to intending *consequences*, only that the defendant intended what he actually did, i.e., essentially that defendant's acts were voluntary, which no one disputed. We see no error warranting reversal or modification with respect to the conviction. However, with respect to the sentence, although the defendant has a long record of criminal but relatively minor offenses, we think the sentence imposed was excessive for these reasons: His codefendant, who was apparently more culpable than defendant, pleaded guilty to robbery in the first degree and received an indeterminate term of imprisonment with a maximum of seven years and no minimum to cover this and another pending robbery charge. This defendant chose to stand trial and was convicted on trial of robbery in the second degree. It is not surprising that the sentence imposed on one guilty participant after a presumably negotiated plea of guilty should turn out to be less than that imposed on another participant who has been convicted after trial. Were this all, we would not interfere with the sentence. However, although defendant's participation in the robbery is clear, it also appears that defendant repeatedly urged his codefendant not to hurt the victim. In these circumstances, we think the defendant should not have been sentenced to the absolute maximum that the law permits for the crime of which the jury convicted him, and we therefore reduce the sentence to 3⅓ to 10 years. Concur—Bloom, Lane and Silverman, JJ.

Sandler, J. P., dissents in part in a memorandum as follows: The facts of this case present a disturbing issue that in my view is not adequately addressed in the decision or opinion of the court. The comment in the court's opinion that the codefendant "was apparently more culpable than defendant" does not begin to describe the reality disclosed by the testimony of the victim (Silvester Woney) in this trial. Four persons participated in the robbery, only two of whom were apprehended, Earl Lindsey and the defendant herein David Blum. Lindsey was the only one of the four to display and threaten Woney with a knife. The encounter opened with Woney being

thrown to the ground during a struggle with Lindsey and the two unapprehended participants, a struggle in which this defendant did not participate. While Woney was on the ground Lindsey slashed at him with a knife, resulting in a scratch to his hand which he had raised to protect himself. From that point until the completion of the robbery, Lindsey's knife was constantly at or near Woney's throat. In contrast, Blum not only did not participate in the initial struggle, but said the following while it was taking place: "What are you doing? Leave the man alone. Don't hurt the man." After Woney received the scratch on his hand from Lindsey's knife, Blum pushed Lindsey back saying: "Don't hurt him." It is true that Blum thereafter participated in the robbery although in an equivocal manner. He removed property from Woney's pockets then returned the same property to Woney's pockets and finally removed it again. Significantly, throughout the course of the robbery Blum constantly entreated the other participants not to hurt Woney. Given the dramatic difference in the quality of participation of the two men, I find it astonishing that Blum was given the maximum sentence of 5 to 15 years after his conviction of robbery in the second degree by the same Judge who had sentenced Lindsey to an indeterminate sentence with a maximum of seven years upon a plea to robbery in the first degree. Surely some explanation for this difference was required. The record discloses none. It is true that Blum had a more extended criminal record than Lindsey. However, it is apparent upon a review of the prior records of both defendants that they offer no support for any meaningful difference in punishment. Nor is this a case in which it might be thought that Lindsey received a particularly good plea bargain because of a feared weakness in the People's evidence. It is clear that the evidence against Lindsey was at least as compelling as that against Blum and indeed more so given the issue of intent presented by Blum's equivocal behavior. Ultimately the disparity is sought to be justified on the principle, undoubtedly well established, that consideration may appropriately be extended to a defendant who enters a plea of guilty. However, the principle is equally well established, and is, I would think, of far larger importance, that a defendant may not be punished for exercising his right to go to trial. (*People v Guiden,* 5 AD2d 975; *People v Slobodan,* 67 AD2d 630; *People v Morgan,* 24 AD2d 499; see, also, *People v Michael A. C.,* 27 NY2d 79, 86.) Although it is often difficult to determine which of these two considerations was present in the fixing of a sentence, this case presents no such problem in view of the fact that Blum and Lindsey were sentenced by the same Judge and the incontrovertible evidence of the striking difference in the quality of their culpability. The conclusion is inescapable that the sentence imposed upon Blum represented a punishment for going to trial. The reduction to 3⅓ to 10 years by this court does not meet the issue. The difference between that sentence and the one imposed on Lindsey cannot be justified as reflecting the result of appropriate consideration to Lindsey for his plea of guilty. It effectively accepts, in fact though not in words, the right of a Trial Judge to punish a defendant for having gone to trial. It may be that the sentence as reduced by this court would be an appropriate one if it were viewed in isolation from that imposed on Lindsey. I do not believe that it can be so viewed. The fundamental right of a defendant to go to trial without fear of being punished for that action, as well as basic principles of fairness and equality, requires under the facts here presented that Blum's sentence at worst be no more severe than that fixed on Lindsey. I would modify the sentence imposed accordingly.