## THIRD DEPARTMENT, JUNE, 1980

### (June 5, 1980)

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL DENNIS BRADLEY, Appellant.—Appeal from a judgment of the Supreme Court of Clinton County at a Special Trial Term, rendered August 10, 1978 upon a verdict convicting defendant of the crime of manslaughter in the first degree. Following an indictment for the murder of his wife shortly after defendant discovered her in bed with his brother, defendant was convicted of manslaughter in the first degree (Penal Law, § 125.20) and sentenced to an indeterminate term of imprisonment of 7 to 25 years. The significant

issue raised upon this appeal is whether the trial court committed reversible error in charging the jury that "a person is presumed to intend the natural consequences of his acts. It is not by words alone that a person expresses his intent." In *Sandstrom v Montana* (442 US 510), the Supreme Court held that a jury instruction that "'[t]he law presumes that a person intends the ordinary consequences of his voluntary acts'" violates the Fourteenth Amendment's requirement that the State prove every element of a criminal offense beyond a reasonable doubt. The jurors "were not told that they had a choice, or that they might infer that conclusion; they were told only that the law presumed it. It is clear that a reasonable juror could easily have viewed such an instruction as mandatory" *(supra,* p 515), thereby shifting the burden of proof to defendant. However, unlike *Sandstrom,* the jury instruction here allowed but did not require the jury to draw conclusions about defendant's intent from his actions. By instructions which placed no burden on defendant to produce any evidence, the jury was in effect instructed that it could conclude that defendant did not intend the consequences of his actions. Moreover, the court expressly charged that "The existence of intent may be *inferred* from the totality of a defendant's conduct" *(emphasis added),* and it stressed throughout that defendant is presumed innocent and the burden of proving guilt beyond a reasonable doubt is on the People. Considering the charge in its totality, it is plain that it satisfied the Fourteenth Amendment's requirement that the prosecution prove every element of a crime beyond a reasonable doubt *(People v Blum,* 72 AD2d 691, mot for lv to app den 48 NY2d 977; *People v Gonzalez,* 72 AD2d 508; *People v Gray,* 71 AD2d 295). We pause to advise trial courts to carefully prepare jury instructions in accordance with *Sandstrom.* We have examined defendant's other contentions and find them to be without merit. Accordingly, the judgment should be affirmed. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.