THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
CHARLES VINCEK, Appellant.

Fourth Department, July 10, 1980

## APPEARANCES OF COUNSEL

*Bernard Sax* for appellant.

*Aldo L. Di Florio (Shavasp Hanesian* of counsel), for respondent.

## OPINION OF THE COURT

DILLON, P. J.

■ In this prosecution for arson and attempted grand larceny arising from the burning in 1978 of defendant's insured residence in the Town of Newfane, the primary question presented is whether it was error to receive, over objection, evidence relating to the burning of defendant's residence four years earlier. We hold that it was, and that its introduction was so prejudicial that a new trial is required.

Preliminarily, we reject defendant's contention that the competent evidence was insufficient to prove his guilt. The jury reasonably could have found that the fire resulted from the delayed interaction of electrical units with flammable liquid and that those instruments were prepared by defendant intending that result.

Not to be rejected, however, is defendant's claim of prejudice arising from the reception into evidence of proof that a fire occurred in defendant's home in 1974 and that some of the circumstances attendant upon its happening and upon adjustment of its loss, were similar to those attendant upon the crimes charged. As to the latter, the evidence showed that one of the points of origin of the fire was behind the refrigerator; that several weeks prior to the occurrence defendant's wife and children had moved from the residence following a matrimonial dispute; that after the fire defendant resided temporarily at the Sheraton Motel Inn; and that defendant retained National Fire Adjustment Co. to represent him in adjusting the fire loss.

Beyond that, evidence was received, over strenuous objection, that the 1974 fire started in an upright freezer; that defendant's wife and children were not then residing with him; that after the occurrence he took quarters at the Shera-

ton Motel Inn; that he retained National Fire Adjustment Co. to adjust the loss; and that he was paid a settlement of $27,136.57 plus an additional allowance for motel living expenses.

Although the District Attorney claimed to the satisfaction of the trial court that proof of events pertaining to the 1974 fire was admissible under *People v Molineux* (168 NY 264), defendant argued then, as he does now, that the evidence bore no relationship to his alleged motive or intent concerning the crimes charged, and was unduly prejudicial. That there is merit in defendant's argument is best demonstrated by analysis of the use to which such evidence was put by the District Attorney on summation:

"[Y]ou must determine the credibility you want to attach to the various bits of evidence. You have to figure it out—is it a bit unusual? What about that 1974 fire, while we are on it? You heard it, ladies and gentlemen, it's in evidence before you. If it wasn't supposed to be before you, you wouldn't have heard it, and it wouldn't have gone into evidence. But it is before you and you can consider it properly, and it is proper for you to consider it. What is this for? To show that this guy is a fire-bug or some sort of raging maniac? It's offered for whatever significance you want to attach to it. Again you are the trier of the facts—that is your job. Are there some components of comparison? Yes, I will go so far as to compare the two. Who represented him after the first fire? National Fire Insurance, or National Fire Adjusters, rather. Who represented him after the 1978 fire? National Fire Adjusters. Coincidence? Maybe. Where did he go after the first fire? He went and stayed at the Sheraton and he ran up a bill according to Mr. Olden, who co-operated because he thought the insurance would pay for it. After the 1974 fire he ran up quite a bill. Where did he go after the 1978 fire? The Sheraton, and he ran up a bill which hasn't been paid. Coincidence? Where else do you go in the area when your house burns down, and you want to stay someplace close to your home, and as nice as your home was? You go to the Sheraton Motel Inn. The first fire in 1974 occurred in an upright freezer. One of the fire emanations points is behind the refrigerator in the 1978 fire. Coincidence? His wife had left him just before the 1974 fire and taken the children and was living at her sister's. His wife had left him just before the 1978 fire and had taken the children and was living at another sister's. Coincidence?

"You make a decision and come to a conclusion. That, ladies and gentlemen, is what I would like to do with respect to all of the points that I have mentioned between the 1974 and the 1978 fires".

The danger of undue prejudice to the defendant flowing from receipt of the disputed evidence is readily perceived. Undaunted by his failure to have demonstrated that the 1974 fire was intentionally set by or at the instance of the defendant, or that it was the result of some act of the defendant then said to have been innocent or inadvertent but from which culpability might now be inferred, the prosecutor, relying upon proof of acts and events in themselves innocent, sought by innuendo and conjecture to show that defendant was guilty of an undetected arson in 1974, thus offering defendant's criminal propensity as a basis for a verdict of guilty of the crimes charged.

It is well settled that evidence of crimes not charged in the indictment generally is not admissible in a criminal prosecution (*People v Condon,* 26 NY2d 139, 143; *People v McKinney,* 24 NY2d 180, 184; *People v Weaver,* 177 NY 434, 442). However logical it might be to reason that one "who has committed, or is suspected of having committed one offense is likely to commit another, and, therefore, be guilty of the one charged," the law does not permit the accused to be prejudiced in that manner before the jury (*People v Fitzgerald,* 156 NY 253, 260). Evidence of other crimes is admissible, however, where it is shown to be directly probative of the crime charged and is thus relevant for a purpose other than to prove the defendant's criminal disposition (*People v Allweiss,* 48 NY2d 40, 46-47). Where, for example, such evidence is offered to prove the identity of the defendant, or his motive or intent, or a common scheme or plan, or to negative the existence of accident or mistake, its probative force is deemed to outweigh the danger of undue prejudice and it will be received (*People v Schwartzman,* 24 NY2d 241, 247-248, cert den 396 US 846; *People v Dales,* 309 NY 97, 101; see *People v Molineux,* 168 NY 264, *supra*).

It follows then, that in a prosecution for arson, evidence proving or tending to prove a prior arson is not admissible unless it is shown to be directly probative of the crime charged (*People v Grutz,* 212 NY 72, 78-80; see and cf. *People v Freeman,* 160 App Div 640, affd 213 NY 688; *People v Zucker,* 20 App Div 363, affd 154 NY 770). When, as here, the

prosecution offers proof of a prior fire and many of its attendant circumstances, but fails directly to connect the defendant with that fire and fails to prove its incendiary nature, the evidence is of no probative force and its receipt is fraught with the danger of undue prejudice *(People v Grutz, supra; People v Fitzgerald,* 156 NY 253, *supra; People v Brown,* 110 App Div 490, affd 188 NY 554; Ann 87 ALR2d 891, 894, § 3 [a]).

Nor is there any merit to the People's claim that evidence of the 1974 fire was admissible as bearing upon defendant's motive, intent or mental state concerning the attempted grand larceny count in the indictment. Defendant's guilt of the attempt to steal is wholly dependent upon his culpability in the burning of the building, and his intention to defraud the insurance carrier is easily to be inferred from proof of the act of arson itself. Thus the rationale for exclusion of the disputed evidence on the arson count applies with equal force to its introduction on the attempted grand larceny count.

While evidence of the 1974 fire should not have been permitted for any purpose, the error in receiving it here was exacerbated by the court's failure to instruct the jury on the subject during its formal charge or otherwise throughout the trial. No effort was made to circumscribe its purpose or effect and the jury was left to speculate upon the weight it should be afforded. In such circumstances, the error may not be viewed as harmless since the evidence improperly received could only have had a disproportionate impact upon the minds of the jurors.

■ Since there must be a new trial, we add only that the witness, William Alvine, who was qualified as an expert in determining the causes of fires and explosions, should not be permitted again to testify that the fire was "set intentionally". The physical facts concerning the origin of the fire can be readily understood when properly described and it will be for the jury to draw the appropriate conclusion *(People v Grutz,* 212 NY 72, 82, *supra; People v Jackson,* 47 AD2d 639; *People v Tyler,* 14 AD2d 609).

The judgment should be reversed and a new trial granted.

SIMONS, HANCOCK, JR., CALLAHAN and WITMER, JJ., concur.

Judgment unanimously reversed, on the law and facts, and a new trial granted.