Jerry Lynn ROSS, Petitioner,

v.

Thomas R. ISRAEL, Respondent.

No. 80–C–793.

United States District Court,
E. D. Wisconsin.

Nov. 21, 1980.

Jerry Lynn Ross, pro se.

E. Gordon Young, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Jerry Lynn Ross' petition for a writ of habeas corpus is before me for decision on the merits. Mr. Ross attacks his conviction for first degree murder on the ground that the trial court improperly instructed the jury that it could presume the essential element of intent from the petitioner's acts. A similar instruction was found constitutionally infirm in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). The respondent advances a number of arguments to support the conviction, including the petitioner's failure both to exhaust his state remedies and timely to object to the challenged instruction. The state also contends on the merits that *Sandstrom* does not mandate a new trial under the circumstances of this case.

## I. FACTUAL BACKGROUND

The following facts are undisputed. On January 24, 1976, with scarves partially covering their faces, two men entered a small, neighborhood grocery store in Milwaukee. In the store were the owner, his wife, an employee and a customer. One of the intruders, who carried a hand gun, demanded money and soon got into a struggle with the owner, while the second man collected money. The gunman's first shot missed the proprietor, but, as the intruders moved toward the door, a second, fatal shot struck the owner in the head. The robbers fled with approximately thirty–five dollars, some of it in small change.

Later that evening, the store employee selected the petitioner's photograph from a group of approximately one hundred photographs; she identified Mr. Ross as the gunman. The next morning the employee identified the petitioner at a lineup. The identification was partially based on the petitioner's repeating a command the gunman had given the day before during the robbery.

At trial, the store employee testified to the facts surrounding the robbery and shooting and to her identification of the petitioner. The store owner's wife testified regarding the struggle and the shooting. The customer who witnessed the shooting also testified. The petitioner did not introduce any evidence, but his attorney closely cross–examined the employee regarding her identification of Mr. Ross. The jury found the petitioner guilty of the two counts charged: armed robbery and first degree murder. Mr. Ross was sentenced to concurrent terms of twenty–five years and life imprisonment on the two counts. The petitioner's conviction was upheld on appeal.

On March 26, 1980, the trial court denied Mr. Ross' motion for post–conviction relief. Mr. Ross' motion raised the same issue which is presented here: Does instructing the jury that, "[w]here there are no circumstances to prevent or rebut the presumption, the law presumes that a reasonable person intends all of the actual, probable, and usual consequences of his deliberate acts," violate due process of law by casting on the defendant the burden of proving lack of intent? In its decision denying Mr. Ross' motion, the trial court relied on *Muller v. State*, 94 Wis.2d 450, 289 N.W.2d 570 (1979), which sustained over constitutional attack the challenged instruction.

## II. EXHAUSTION OF REMEDIES AND CONTEMPORANEOUS OBJECTION RULE

Before reaching the merits of Mr. Ross' petition, I must address two preliminary issues raised by the respondent. First, it is contended that the petitioner has failed to exhaust his state remedies because he chose not to appeal the denial of his motion for post–conviction relief. The respondent argues that such an appeal would not be futile in this case because the entire jury charge included instructions not addressed by the state's highest court in *Muller v. State, supra,* and therefore, *Muller* is not dispositive of Mr. Ross' position. Second, the respondent argues that the petitioner's failure to object to the instruction at trial bars the instant collateral attack on his conviction.

These contentions are unimpressive. The respondent's assertion that *Muller v. State* does not foreclose state avenues of relief which might be available to the petitioner is contradicted by the state trial court's express reliance on *Muller* in denying Mr. Ross' motion for post–conviction relief. Moreover, I find no merit in the respondent's suggestion that an appeal of the trial court's adverse ruling to the Wisconsin supreme court would not have been futile; since that court had already upheld the challenged instruction, there was no reason to believe that a different result would obtain where the trial court gave allegedly "corrective" instructions in addition to the challenged instruction.

As to the state's contemporaneous objection rule, it is clear that a default in this regard does not always preclude federal habeas review. Rather, if the state courts consider the merits of the claim despite the failure to object contemporaneously, the federal court may also consider the claim on the merits. See *Ulster County Court v. Allen*, 442 U.S. 140, 153, 99 S.Ct. 2213, 2222, 60 L.Ed.2d 777 (1979); *Francis v. Henderson*, 425 U.S. 536, 542 n.5, 96 S.Ct. 1708, 1711, 48 L.Ed.2d 149 (1976); *Baker v. Muncy*, 619 F.2d 327, 329 (4th Cir. 1980); *Moran v. Estelle*, 607 F.2d 1140, 1141–42 (5th Cir. 1979). As I have previously noted, the state trial court denied Mr. Ross' motion for post–conviction relief on the basis of the Wisconsin supreme court's decision in *Muller*; since the state court's ruling reached the merits of the petitioner's claim, the claim may be presented here.

## III. THE MERITS OF THE PETITION

The challenged instruction, quoted above, must be found unconstitutional if it interfered with "the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt." *Ulster County Court v. Allen, supra*, 442 U.S. at 156, 99 S.Ct. at 2224. In deciding whether a particular instruction deprived the defendant of his constitutional rights, the court must determine "the way in which a reasonable jury could

have interpreted the instruction." *Sandstrom v. Montana, supra*, 442 U.S. at 514, 99 S.Ct. at 2454. In performing the task before me. I am admonished that "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). Finally, "an erroneous instruction will support a collateral attack on the constitutional validity of a state court's judgment only if the ailing instruction so infected the entire trial that the resulting conviction violates due process." *Tyler v. Phelps*, 622 F.2d 172, 176 (5th Cir. 1980). *Accord, Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977).

Applying these principles to the facts in the case at bar, I am persuaded that Mr. Ross' application must be denied, even assuming that the challenged instruction unconstitutionally shifted the burden of persuasion on the issue of intent to the petitioner. See *Sandstrom v. Montana, supra; In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). I will also put aside the impact on the merits of this action the petitioner's failure to have objected to the challenged instruction at trial, see *Henderson v. Kibbe, supra*, 431 U.S. at 154, 97 S.Ct. at 1736, and the issue of the retroactivity of *Sandstrom*. However, while I assume that giving the instruction constituted constitutional error and, also, that the burden–shifting effect of the instruction was not altered or mitigated by other instructions given to the jury, I believe that, under the circumstances of this case, such error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

The issue of intent was not disputed at trial. The only contested issue was whether the petitioner was in fact the gunman at the robbery who killed the store owner. The gunman fired the revolver twice, first missing and then fatally striking the owner; the gunman's intent was never put in issue, and, indeed, could hardly have been contested. What was vigorously challenged was

the employee's identification of the petitioner; on this critical issue the jury found in favor of the state. Since the challenged instruction on intent could not in any way have influenced a reasonable juror in deciding the issue of identification, I hold that the giving of the instruction did not deprive Mr. Ross of a fair trial.

Several courts have applied the harmless error rule in cases similar to the one at bar. In *United States v. Reeves*, 594 F.2d 536 (6th Cir. 1979), a case decided after *Sandstrom v. Montana*, the court of appeals found error in the giving of the following instruction:

"It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted. *So in the absence of evidence in the case which leads the jury to a different or contrary conclusion*, you may draw the inference and find that the accused intended such natural and probable consequences which one standing in like circumstances and possessing like knowledge should reasonably expect to result from any acts knowingly done or knowingly omitted by such person." *Id.* at 539–40. (emphasis in original).

However, the court held that the error was harmless because

"the criminal intent of the person who robbed this bank was never placed at issue.... The sole jury issue was whether or not appellant was the robber and the jury, on the evidence reviewed above, decided he was." *Id.* at 538, 541.

In *United States v. Durham*, 512 F.2d 1281 (5th Cir.), *cert. denied*, 423 U.S. 871, 96 S.Ct. 137, 46 L.Ed.2d 102 (1975), the court of appeals found that an instruction similar to the one challenged in *Reeves* improperly shifted the burden of proof on intent to the defendant. Nevertheless, the court refused to reverse the conviction because "the real issue in this case was what, if anything, Durham had *done*; intent could not have been the crucial issue in this case." *Id.* at 1288 (emphasis in the original).

Another case closely on point, also decided after *Sandstrom*, is *Krzeminski v. Perini*, 614 F.2d 121, 124 (6th Cir. 1980), where the court of appeals found that the instructions presented "a patent constitutional violation." However, since the unconstitutional instructions did not go to a contested issue in the case, the court found the errors to be harmless beyond a reasonable doubt. *Id.* at 125. Other cases which have employed the same line of reasoning that I adopt here include: *Helms v. United States*, 340 F.2d 15 (5th Cir. 1964), *cert. denied*, 382 U.S. 814, 86 S.Ct. 33, 15 L.Ed.2d 62 (1965); *Mason v. Balkom*, 487 F.Supp. 554, 559 (M.D. Ga. 1980) (post–*Sandstrom*); *United States ex rel. Collins v. Crist*, 473 F.Supp. 1354, 1357–58 (D. Montana 1979) (post–*Sandstrom*).

In light of these authorities, I find no merit in the petitioner's contention that the error in giving an unconstitutional instruction can never be characterized as harmless beyond a reasonable doubt. For the above reasons, I find that any constitutional error the trial court committed in giving the challenged instruction and which was properly preserved for review here was harmless beyond a reasonable doubt. The petition for a writ of habeas corpus must accordingly be dismissed.

Therefore, IT IS ORDERED that the petition for a writ of habeas corpus be and hereby is dismissed.