**Thomas F. HOPPE, Sr., Petitioner,**

v.

**Thomas R. ISRAEL, Respondent.**

**Civ. A. No. 80–C–606.**

United States District Court,
E. D. Wisconsin.

May 21, 1981.

Thomas F. Hoppe, Sr., pro se.

Chris Heikenen, Asst. Atty. Gen., Madison, Wis., for respondent.

*DECISION and ORDER*

TERENCE T. EVANS, District Judge.

Thomas F. Hoppe, Sr. has filed a petition for the issuance of a writ of habeas corpus.

Hoppe was found guilty in the Circuit Court of Winnebago County of murder in the second degree of Lynn Westbrook and

of the attempted first degree murder of Mary Jans. He was sentenced to 10 years for the attempted first degree murder, and 20 years for the second degree murder, with the terms to be served consecutively. His conviction was upheld on appeal by the Wisconsin Supreme Court. *Hoppe v. State,* 74 Wis.2d 107, 246 N.W.2d 122 (1976).

Following the United States Supreme Court decision in *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), Hoppe filed a motion for post-conviction relief in the state trial court. That motion was denied. Claiming, on the basis of *Muller v. State,* 94 Wis.2d 450, 289 N.W.2d 570 (1980), that it would be futile to appeal the decision, Hoppe has applied directly to this court for a writ of habeas corpus.

On January 9, 1974, Westbrook and Jans had returned from a vacation to their apartment near the campus of the University of Wisconsin-Oshkosh where they were students. At about 7:00 p. m., Jans answered a knock on the door. Two men, Thomas Hoppe and Roy Holland, were standing at the door. Holland asked for Gail Zellmer. Jans stated that Zellmer did not live at that address, but that her brother was the landlord. Jans allowed Holland to enter the apartment to use the telephone ostensibly to call Zellmer's brother.

After gaining entry in this way, Holland and Hoppe subjected the women to approximately four hours of terror, during which one or both of the men repeatedly sexually assaulted the women, and after which Westbrook was left lying on the floor of the bedroom gasping for breath after being strangled. She died a week later in Mercy Medical Center of massive brain damage. Jans managed to escape a similar fate when Hoppe, who was in the act of strangling her, stopped, in his version, because he couldn't do it, or in hers, which the jury apparently believed, because of a knock on the door.

In his petition for habeas corpus, Hoppe claims that under *Sandstrom v. Montana, supra,* the jury instruction on attempted first degree murder violated his right to due process of law. The argument is that the instruction sets forth a presumption of intent which impermissibly shifts to the defendant the burden of proof on an essential element of the crime.

I have previously ruled that no reasonable juror could interpret the Wisconsin instruction in an unconstitutional manner. *Pigee v. Israel,* 503 F.Supp. 1170 (E.D.Wis. 1980). I have also determined that should the instruction be found unconstitutional, the doctrine of harmless error is properly applicable to the issue. *See McKenzie v. Montana,* 608 P.2d 428 (D.Mont.1980), *cert. denied* —— U.S. ——, 101 S.Ct. 626, 66 L.Ed.2d 507.

The present case has many parallels with *Pigee v. Israel.* That case involved two counts of attempted murder. The instruction on criminal intent was given in connection with both counts. Pigee was convicted of one count and found not guilty of the other, showing, in my mind, that the jury examined the evidence closely and placed no blind reliance on the presumption.

I find that here the same care is shown. Hoppe was charged with first degree murder and attempted first degree murder. In the jury instructions on first degree murder the trial judge, the Hon. Edmund P. Arpin, read the challenged instruction on intent:

"When there are no circumstances to prevent or rebut the presumption the law presumes that a reasonable person intends all of the natural, probable and usual consequences of his deliberate acts."

He then read the instruction on the lesser included offense, second degree murder. Finally, he stated:

"You will observe that the difference between murder in the first degree and murder in the second degree as herein defined differs in this, in the murder in the first degree it is the killing of a human being with an intent, that is a mental purpose to kill. While in murder in the second degree it is not necessarily that there be an intent to cause the death of the person killed or of any human being."

The instruction on attempted first degree murder also contained the challenged presumption. In addition, it contained a definition of *attempt*:

"The second element of this offense requires that the defendant did acts toward the commission of the crime of attempted murder which demonstrate unequivocally under all the circumstances that he intended to, and would have killed Mary T. Jans except for the intervention of another person or some other extraneous factor. In other words, you cannot find the defendant guilty of attempted murder of Mary T. Jans unless you are satisfied beyond a reasonable doubt, that the defendant at the time and place charged in the information had formed in his mind the purpose to kill Mary T. Jans and had performed acts toward the fulfillment of such intent or purpose of killing Mary T. Jans that demonstrate unequivocally he had formed such intent to kill Mary T. Jans and that death would have resulted but for the intervention of another person or intervention of some extraneous factor independent of any change of mental purpose by the defendant. This element also requires that the defendant would have committed first degree murder except for the intervention of another person or some other extraneous factor."

In addition to being instructed on attempted first degree murder, the jury was instructed on a lesser included offense: injury by conduct regardless of life.

After they had begun deliberating, the jury requested that certain of the instructions regarding "your definition of each of the elements" of the crimes be reread. Judge Arpin reread the instruction on first degree murder, second degree murder, attempted first degree murder, and injury by conduct regardless of life.

Despite the fact that the challenged instruction was twice read to the jury on Count 1 of the information, the jury returned a verdict of guilty of second degree murder. On Count 2, where the evidence was much more direct and compelling, they returned a verdict of guilty of attempted first degree murder. The evidence was more compelling on Count 2, of course, because Mary Jans lived to testify. She testified that Hoppe told her she had seen too much and he would have to get rid of her. She testified that he began strangling her in the living room, then forced her to move to a back bedroom, where he again began to strangle her. She testified that he stopped only when he heard a knock at the door. On the other hand, Mary Jans did not observe directly what happened to Lynn Westbrook; she could testify only to hearing Westbrook scream, and to Hoppe's coming out of the bedroom, where Westbrook was, with a wild look on his face.

■ Faced with this evidence, the jury returned their verdicts. I find that it would be manifestly unfair to assume, in this situation, that this jury placed any unconstitutional interpretation or reliance on the Wisconsin instruction on criminal intent.

Furthermore, as respondent points out, the defense at trial on the charge of attempted first degree murder was not that Hoppe did not intend to murder Jans, but rather that he voluntarily abandoned his attempt, saying, "I couldn't do it." In closing arguments, defense counsel argued that it was not an intervening cause which prompted Hoppe to stop strangling Jans, but rather that "... he changed his mind. Thank God. Thank God. He changed his mind. But that does not constitute first degree murder or attempted first degree murder...."

■ However, Mary Jans testified, as noted above, that Hoppe stopped only when he heard a knock on the door. The fact put at issue is not whether while he was strangling her he intended to murder her, but whether he stopped because of intervening causes or his own conscience. Therefore, intent was not the issue. When intent is not a real issue, the giving of the questioned instruction cannot, under any circumstances I can see, be deemed to have prejudiced the rights of an accused. *See Ross v. Israel*, 503 F.Supp. 131 (E.D.Wis. 1980).

IT IS THEREFORE ORDERED that the petition of Thomas F. Hoppe, Sr. for the issuance of a writ of habeas corpus is denied.