Doris Daye GILMORE, Petitioner,

v.

Phyllis CURRY, Superintendent, Bedford
Hills Correctional Facility for
Women, Respondent.

No. 80 Civ. 6571 (JMC).

United States District Court,
S. D. New York.

Oct. 6, 1981.

Doris Daye Gilmore, pro se.

Robert M. Morgenthau, Dist. Atty., New York County, New York City (Norman Barclay and Meredith Anne Feinman, Asst. Dist. Attys., New York City, of counsel), for respondent.

CANNELLA, District Judge:

The petition of Doris Daye Gilmore for a writ of habeas corpus is denied. 28 U.S.C. § 2254.

## FACTS

Petitioner is currently confined at the Bedford Hills Correctional Facility for Women, pursuant to a judgment of the New York Supreme Court, New York County (Cropper, J.), upon a jury verdict convicting her of murder in the second degree. N.Y.Penal Law § 125.25 (McKinney 1980). On May 31, 1977, petitioner was sentenced to serve an indeterminate term of fifteen years to life imprisonment.

Petitioner appealed her conviction to the Appellate Division, First Department, argu-

ing: (1) that she was denied due process of law when the trial court instructed the jury concerning the definition of intent and the burden of proof placed on the prosecutor and (2) that she was denied a fair trial when the trial court ruled that the prosecutor could inquire into a prior conviction if defendant took the witness stand.[1] The First Department affirmed petitioner's conviction without opinion, *People v. Gilmore*, 73 A.D.2d 1064, 423 N.Y.S.2d 974 (1st Dep't 1980), and petitioner thereafter was denied leave to appeal to the New York Court of Appeals.

Petitioner filed the instant petition on November 19, 1980, claiming that the allegedly erroneous instructions by the trial court and its ruling on the admissibility of her prior conviction for the purposes of impeachment had denied her due process of law. On March 27, 1981, the Court determined that petitioner had exhausted her state remedies. For the reasons set forth below, the Court is now compelled to dismiss the petition. *See Washington v. Harris*, 650 F.2d 447, 451–52 (2d Cir. 1981); *Taylor v. Harris*, 640 F.2d 1, 2 (2d Cir. 1981); *Gruttola v. Hammock*, 639 F.2d 922, 929 (2d Cir. 1981).

## DISCUSSION

■ At the outset, the Court notes that both constitutional defects raised in the instant habeas petition were not objected to at trial. Although petitioner squarely asserted these contentions in her appeal to the First Department, the District Attorney argued that petitioner waived state appellate review of these issues by failing to object at trial. *See* N.Y.Crim.Proc.Law § 470.05 (McKinney 1975).[2] Respondent as-

---

1. The prior conviction about which the trial court would have permitted cross-examination was petitioner's conviction, upon a plea of guilty, of attempted assault in the third degree, N.Y.Penal Law § 120.00 (McKinney 1975). This conviction arose out of an incident at the Waldorf Astoria Hotel four days before the murder for which petitioner stands convicted, in which she was arrested for threatening a man with a knife. The trial court, however, following the rule of *People v. Sandoval*, 34

N.Y.2d 371, 314 N.E.2d 413, 357 N.Y.S.2d 849 (1974), precluded questioning regarding the underlying facts of this conviction.

2. The District Attorney both in the Appellate Division and before this Court further argues that petitioner's claims cannot be recognized as falling within the narrow category of fundamental errors which affect the "organization of the court or the mode of proceedings prescribed by law." *People v. Patterson*, 39

serts that the Appellate Division affirmed petitioner's conviction on procedural grounds which would preclude federal habeas review unless petitioner can demonstrate "cause and prejudice" for her failure to adhere to New York's contemporaneous objection requirement. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1976).

■ To determine whether a state appellate court decided an issue on the merits or upon an independent state procedural ground, the Court must examine several factors. *First*, the Court must decide if the government argued petitioner's procedural default in the appellate courts. *See Ulster County v. Allen*, 442 U.S. 140, 151, 99 S.Ct. 2213, 2221, 60 L.Ed.2d 777 (1979); *Gruttola v. Hammock, supra*, 639 F.2d at 929–30; *Brown v. Reid*, 493 F.Supp. 101, 103 (S.D.N.Y.1980); *Williams v. Dalsheim*, 480 F.Supp. 1049, 1052–53 (E.D.N.Y.1979); *Broadwater v. Dunham*, 479 F.Supp. 1097, 1099 (E.D.N.Y.1979). *Second*, if the state appellate court summarily affirmed the decision of the trial court then it can be inferred that the appellate court was thinking in "procedural terms." *See Brown v. Reid, supra*, 493 F.Supp. at 103. *See also Taylor v. Harris, supra*, 640 F.2d at 2. *Third*, it must be determined whether any of the state courts addressed the merits of petitioner's claim. *See Ulster County v. Allen, supra*, 442 U.S. at 151, 99 S.Ct. at 2221; *Washington v. Harris, supra*, 650 F.2d at 451–52; *Alburquerque v. Bara*, 628 F.2d 767, 773 (2d Cir. 1980); *Ross v. Israel*, 503 F.Supp. 131, 133 (E.D.Wis.1980).

■ In the instant proceeding, the Court finds that petitioner's claims were denied by the state appellate courts on procedural grounds and not on the merits. The District Attorney's assertion in the Appellate Division that petitioner's failure to object at trial barred appellate review of her claims,[3] coupled with that court's affirmance without opinion and the Court of Appeal's denial of leave to appeal, is strong evidence that petitioner's claims were dismissed not on the merits but on procedural grounds. *See Washington v. Harris, supra*, 650 F.2d at 452; *Hockenbury v. Sowders*, 620 F.2d 111, 115 (6th Cir. 1980), *cert. denied*, 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 367 (1981); *Brown v. Reid, supra*, 493 F.Supp. at 103. Accordingly, because petitioner has failed to demonstrate to the Court that there exists cause and prejudice for her failure to object to the rulings which she now challenges as unconstitutional, the Court must dismiss her petition.

■ Even if the Court were to reach the merits of the instant petition, it would similarly be denied because petitioner has not satisfied the Court that any of the trial court's challenged rulings denied her a fundamentally fair trial. *See Gayle v. Le-Fevre*, 613 F.2d 21, 22 (2d Cir. 1980). As a general rule, "[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *Henderson v. Kibbie*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977). *See also Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973); *Tyler v. Phelps*, 643 F.2d 1095, 1100 (5th Cir. 1981). An erroneous instruction "will support a collateral attack on the constitutional validity of a state court's judgment only if the ailing instruction so infected the entire trial that the resulting conviction violates due process." *Tyler v. Phelps, supra*, 643

N.Y.2d 288, 295, 347 N.E.2d 898, 903, 383 N.Y.S.2d 573, 577 (1976), *aff'd*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). Such errors do not require a timely objection at trial. *See People v. Patterson, supra*. This exception, however, is a limited one, "designed to inform the court of facts not reflected in the record and unknown at the time of judgment which as a matter of law would undermine the basis of judgment." *People v. Cunningham*, 104 Misc.2d 298, 300, 428 N.Y.S.2d 183, 185 (Sup.

Ct.1980). Therefore, petitioner's claims of error do not fall within the narrow exception to the contemporaneous objection rule. *See People v. Thomas*, 50 N.Y.2d 467, 407 N.E.2d 430, 429 N.Y.S.2d 584 (1980).

3. While the District Attorney did address the merits of petitioner's claims, the main thrust of the prosecution's argument with respect to both claims was that they were procedurally barred.

F.2d at 1100. In reviewing the allegedly erroneous portions of the jury charge, the Court must focus (1) on the instruction as a whole, (2) on all the evidence of guilt or innocence and (3) on the conduct of the trial. *See United States v. Frady,* 636 F.2d 506, 516 (D.C.Cir.1980) (en banc); *Brouillette v. Wood,* 636 F.2d 215, 218 (8th Cir. 1980); *United States v. Murray,* 618 F.2d 892, 904 (2d Cir. 1980). Viewed in this light, petitioner's objections must fail.

■■■■ The trial court's instruction on intent did not suggest the existence of a conclusive or mandatory presumption.[4] *See Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *United States v. Robinson,* 545 F.2d 301 (2d Cir. 1976). Rather, the jury charge was framed to allow the jury to draw its own inferences from the evidence presented. *See Washington v. Harris, supra,* 650 F.2d at 453; *People v. Getch,* 50 N.Y.2d 456, 465–66, 407 N.E.2d 425, 429, 429 N.Y.S.2d 579, 583–84 (1980).[5]

■■■■ Similarly, petitioner's claim that the trial court incorrectly afforded the prosecution the ability to use a prior conviction for the limited purpose of impeachment, is also without merit. A habeas challenge based on an improper evidentiary ruling is "foreclosed absent a specific showing of a violation of a constitutional right." *Bell v. New York,* 506 F.Supp. 590, 594 (S.D.N.Y. 1981). *See United States ex rel. Reid v. Dunham,* 481 F.Supp. 366, 368 (E.D.N.Y. 1979) (New York allows the use of prior relevant convictions for impeachment purposes). Petitioner's prior conviction was probative to negate an assertion that petitioner acted in self-defense, *see People v. Vincek,* 75 A.D.2d 412, 415–16, 429 N.Y.S.2d 928, 930–31 (4th Dep't 1980); *People v. Milom,* 75 A.D.2d 68, 74, 428 N.Y.S.2d 678, 683 (Sandler, J., concurring) ("evidence of [other crimes] may be introduced only when the testimony is relevant and necessary to the prosecution's case") (quoting *People v. Cook,* 42 N.Y.2d 204, 208, 366 N.E.2d 788, 790, 397 N.Y.S.2d 697, 699 (1977)), and would only have been introduced had petitioner testified, *see People v. Ventimiglia,* 52 N.Y.2d 350, 359, 420 N.E.2d 59, 62, 438 N.Y.S.2d 261, 264 (1981). Accordingly, the

---

4. The trial court's charge on intent stated in part:

> Intent is a mental operation that can be determined usually only by an examination of all of the facts and circumstances surrounding the commission of the crime and the events leading up to, including and following it.
>
> As science has not yet reached the stage where a man's mind can be x-rayed to disclose the thoughts running through it, it remains a secret and silent operation of the mind, with its only visible physical manifestation being an accomplishment, or an intended accomplishment of the thing decided upon.
>
> Since it is, as pointed out, a mental operation, it is not always easy to establish. It depends upon the peculiar circumstances of the case, upon the spoken words and the answers, and sometimes a combination of both. On the question of intent, you may infer that a person intends that which is a natural and necessary consequence of the act done by him.
>
> And unless the act was done under circumstances to preclude the existence of such intent, you have a right to find from the result produced, an intention to affect it. Whether the criminal intent existed in the mind of the person accused of the crime at

the time of the commission of the alleged criminal act, must of necessity be inferred and found from other facts which in their nature [are] the subject of specific proof. Brief for Respondent at 41–42, *People v. Gilmore,* 73 A.D.2d 1064, 423 N.Y.S.2d 974 (1st Dep't 1980).

5. Petitioner also alleges two other errors in the trial court's instruction. She contends that the trial court erred in instructing the jury in a supplemental charge that they "may" acquit the petitioner if there was a reasonable doubt as to her guilt. While this charge is not correct, when reviewed in light of the complete charge, which used the word "must" in connection with the reasonable doubt charge, the charge was constitutionally proper. *See People v. Bradley,* 76 A.D.2d 939, 940, 429 N.Y. S.2d 48, 49 (3d Dep't 1980); *People v. Blum,* 72 A.D.2d 691, 691, 421 N.Y.S.2d 359, 360 (1st Dep't 1979).

Similarly, the isolated use of the phrase "to a moral certainty" does not constitute error when the jury charge read in its entirety correctly instructed the jury as to the prosecution's burden of proof. *See People v. Turrell,* 66 A.D.2d 862, 862, 411 N.Y.S.2d 380, 381 (2d Dep't 1978), *aff'd,* 50 N.Y.2d 400, 406 N.E.2d 1347, 429 N.Y.S.2d 410 (1980).

Court believes that the trial court acted prudently in ruling that petitioner's prior conviction would be admissible for the purposes of impeachment.

## CONCLUSION

In accordance with the foregoing, the petition of Doris Daye Gilmore for a writ of habeas corpus is denied. 28 U.S.C. § 2254.

SO ORDERED.