■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK H. SIMPSON, Appellant.—Yesawich, Jr., J. Appeals (1) from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered April 25, 1983, upon a verdict convicting defendant of the crime of arson in the third degree, and (2) by permission, from an order of said court, entered February 22, 1985, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

During the predawn hours of May 10, 1983, a fire destroyed a vacant house defendant owned in the Village of Millport, Chemung County. The fire's mysterious origin prompted a criminal investigation as well as one by the insurer of the property; the latter assigned a retired State trooper to conduct the probe. The trooper interviewed defendant on May 14, 1983 and, when the subject of defendant's activities on the night of the fire was broached, defendant declined further comment until his attorney could be present.

In the meantime, an acquaintance of defendant, Andrew Blim, was arrested and jailed on an unrelated charge in nearby Schuyler County. Blim there informed the police that he and Randy Wheeler had torched the Millport property at the instigation of defendant. At trial, Blim's testimony, the crux of the People's case, was that in late April 1983, while he and Wheeler were with defendant, Wheeler expressed an interest in purchasing credit cards for cash; that defendant

proposed that Wheeler, instead of paying cash, burn down two houses owned by defendant; that the next day, defendant gave Wheeler two unsigned credit cards and drove him, along with Blim, to Millport to point out the buildings intended for destruction, one of which was ultimately ravaged by fire; that Blim and Wheeler then used defendant's credit cards to make various purchases totaling approximately $16,000.

Blim's cooperation with the police also involved his placing telephone calls to defendant on August 31 and September 1, 1983. With Blim's consent, the police tape-recorded the conversations wherein defendant implicated himself in the arson and the accompanying credit card scam. Over defense counsel's objection, the tapes were admitted into evidence during the trial.

A jury thereafter convicted defendant on a single count of arson in the third degree. Being a second felony offender, he was sentenced to 6 to 12 years in prison. From that judgment and the denial of his motion to vacate it, brought pursuant to CPL 440.10 (1), defendant appeals.

Defendant's contentions that the tape-recorded conversations, though made while defendant was not yet in police custody, were obtained in violation of his right to counsel and, alternatively, that an insufficient foundation was laid for their admission into evidence are simply legally indefensible *(see generally, People v Smith,* 62 NY2d 306, 315; *People v Farruggia,* 61 NY2d 775, 777; *People v McGee,* 49 NY2d 48, 60, *cert denied sub nom. Quamina v New York,* 446 US 942). And the argument that the People were obliged to disprove the affirmative defense enumerated in Penal Law § 150.10 (2) also lacks substance for defendant failed to establish the defense by a preponderance of the evidence *(see,* Penal Law § 25.00 [2]); indeed, the record belies any attempt to do so.

It was erroneous, however, for County Court, over defendant's objection, to have received evidence concerning prior fire losses to his insured properties. The motive advanced by the People for defendant's soliciting the arson focused on defendant's avaricious desire to acquire $25,000 in fire insurance proceeds. The insurer of the property verified the amount of the insurance and defendant's filing of a preliminary notice of loss. To link that notice to a claim by defendant to recover those proceeds, the prosecution elicited further that defendant had filed such notices in the course of collecting on claims for fire losses he had sustained in 1978 and 1979.

Allowing this evidence to come in was unacceptably prejudi-

cial because "in a prosecution for arson, evidence proving or tending to prove a prior arson is not admissible unless it is shown to be directly probative of the crime charged" *(People v Vincek,* 75 AD2d 412, 415; *see, People v Grutz,* 212 NY 72, 78-80). Here, the prior unrelated fires bore only tangentially on the crime charged and while no attempt was made to show that they were the product of arson, the danger that the jury might draw this natural and unduly prejudicial inference far outweighed its probative value and deprived defendant of a fair trial *(see, People v Crandall,* 67 NY2d 111). A new trial is therefore required.

Although our disposition makes it unnecessary to reach defendant's claims that the People withheld exculpatory evidence and that effective legal representation was not provided, an issue likely to reappear on the retrial—that of the admissibility of proof that defendant fraudulently used credit cards to pay Wheeler for the arson—remains and needs to be addressed. Defendant urges that Blim's testimony that defendant solicited Wheeler satisfied the People's burden of proof and obviated the necessity for any inquiry into the illicit, underlying arrangement. But the People maintain, and we agree, that the credit card scheme, which was introduced to account for Wheeler's response to defendant's solicitation to set the fire and the arson are inextricably intertwined; the two events cannot be divorced without emasculating the People's case. In so concluding we do not, however, indorse the introduction of evidence that defendant overcharged his credit accounts or loaned his credit cards to other persons on other, unrelated occasions.

Judgment and order reversed, on the law, and matter remitted to the County Court of Chemung County for a new trial. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.